JACOBS SULTAN CO., LIMITED, RESPONDENTS, *v.* UNION MERCANTILE COMPANY, APPELLANT.

[Submitted October 17, 1895.  Decided October 21, 1895.]

PLEADING—*Breach of contract—Demurrer.*—A complaint which sets up a contract and alleges breaches thereof on the part of the defendant, states a cause of action for nominal damages, and is therefore good on general demurrer.

SAME—*Demurrer.*—A demurrer which merely states in the language of the statute that the complaint is ambiguous, unintelligible and uncertain, and which otherwise fails to specify the defects complained of, is insufficient to raise the objection to a complaint upon a breach of contract, that it failed to allege any facts constituting a basis for the recovery of special damages.

NONSUIT—*Motion.*—A motion for a nonsuit should specify the particulars in which the evidence is insufficient to support the allegations of the complaint. (*Wright* v. *Fire Insurance Co.*, 12 Mont. 474; *Soyer* v. *Great Falls Water Co.*, 15 Mont. 1, cited.)

STATUTE OF FRAUDS—*Sale of goods.*—An agreement in parol between an attaching creditor and his debtor that in consideration of being allowed to take judgment, he would purchase the attached property at the sheriff's sale and allow the debtor credit for its cost price, irrespective of what he might bid at the sale, is not such a contract for the sale of goods as is required by the statute of frauds to be in writing.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION for damages for breach of contract.    Judgment was rendered for plaintiff below by BUCK, J.    Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action for damages for the alleged breach of a contract.    The contract, and the alleged breach thereof, are set out in the complaint, which is as follows, omitting the formal parts:

"(2)    That on or about January 17, 1891, Lindsay & Co.,

and the defendant, Union Mercantile Company, instituted suits in attachment against this plaintiff in this court, and under and by virtue thereof took possession of all the personal goods and chattels of this plaintiff, consisting of the stock of groceries, shelving, counters, desks, safes, books of account, horses, wagons, etc., used in and about its business in the city of Helena, state of Montana.

"(3)   That the action at that time against this plaintiff on behalf of the defendant herein consisted of a certain promissory note, made, executed, and delivered by this plaintiff to Kleinschmidt & Bro. on or about the 25th day of October, 1890, wherein and whereby it agreed, one day after the date thereof, to pay to said Kleinschmidt & Bro. the sum of $5,463.65, with interest thereon at the rate of one per cent. per month from the date thereof until paid, together with reasonable attorney's fee thereon in the event that the payment of said note had to be forced by suit; which said note was for value indorsed to the defendant herein by said Kleinschmidt & Bro. before the commencement of the suit aforesaid of the defendant against this plaintiff, and an open account in favor of the defendant, and against this plaintiff in the sum of $853.60, for goods, wares, and merchandise theretofore sold and delivered by the defendant to the plaintiff.

"(4)   That in the action aforesaid against this plaintiff the defendant, in its complaint therein, alleged that $500 was reasonable attorney's fee to be allowed it under the terms of the promissory note aforesaid, and asked the court that it be allowed said sum of $500 therefor; whereas this plaintiff alleges that said sum, instead of being reasonable, was unconscionable and unreasonable, and that it informed the defendant herein that it would file its answer to the cause of action aforesaid, and fight the same.

"(5) That the defendant, through its duly-authorized agent, R. H. Kleinschmidt, on or about the —— day of ——, 189–, in consideration of this plaintiff (defendant in the action aforesaid) agreeing to abstain and refrain from filing an answer and fighting the cause of action, agreed and promised that the

defendant herein would purchase at the sheriff's sale of this plaintiff's property in the action aforesaid all the property of the plaintiff, together with the book accounts of this plaintiff; that the sum to be allowed as attorney's fee on the promissory note aforesaid should be $100, and no more; and it would allow this plaintiff the actual cost price paid by it for all its personal property, notwithstanding what the defendant herein paid for the same at the sheriff's sale thereof; and that one Adolph Jacobs, on behalf of this plaintiff, should have the supervision, management, and control of the collection of the book accounts of this plaintiff, and all sums collected therefrom were to be placed as credits upon and against whatever deficiency that might remain against this plaintiff after the sale of plaintiff's personal property in the cause of action aforesaid.

"(6) That this plaintiff, relying upon and trusting in the agreement and promise aforesaid of the defendant herein, abstained and refrained from filing a defense to the defendant's action against it, and suffered the defendant to take judgment against it by default, and kept and performed all things by it to be kept and performed.

"(7) That at the sheriff's sale of the personal property of the plaintiff in the actions aforesaid the defendant herein purchased the same, without any hinderance from this plaintiff, for the sum of $3,700, and that the sheriff of Lewis and Clarke county, Montana, collected the sum of $461.75 from divers and sundry persons indebted to this plaintiff under and by virtue of certain writs of garnishment issued in the action of the defendant herein against this plaintiff, which said last-mentioned sum was by the sheriff aforesaid credited upon the execution in his hands against this plaintiff and in favor of the defendant herein.

"(8) That the defendant, after the purchase by it of all the personal property of the plaintiff, as aforesaid sold and disposed of the same to the copartnership of Kleinschmidt & Bro., and has failed and refused to account to and with plaintiff therefor, under its agreement and promise aforesaid with plaintiff, to plaintiff's damage $2,580.

"(9) That the defendant refused to allow Adolph Jacobs to supervise, manage, and control the collection of the accounts due the plaintiff, as it agreed and promised to do, as aforesaid, to plaintiff's damage $1,500.

"(10) That the defendant has failed to keep and perform the things to be kept and performed under its agreement and promise to plaintiff, although often thereunto requested so to do."

The defendant demurred to the complaint on the following grounds: "(1) That the complaint does not state facts sufficient to constitute a cause of action against the defendant: (2) that said complaint is ambiguous, uncertain, and unintelligible in that it does not set forth any facts showing or tending to show that plaintiff suffered any damage by reason of any acts of the defendant." The court overruled the demurrer, and defendant answered. The answer is a specific denial of the allegations of the complaint.

At the close of plaintiff's testimony the defendant moved the court for a nonsuit, on the ground that the plaintiff had failed to prove the allegations of the complaint, and had failed to prove any consideration or promise, or that any promise had been made by the defendant as alleged in the complaint. This motion was overruled by the court. The jury returned a verdict for plaintiff for $1,500, on which judgment was rendered. From the judgment, and order refusing a new trial, this appeal is prosecuted.

*Walsh & Newman,* for Appellant.

*F. N. & S. H. McIntire,* for Respondents.

PEMBERTON, C. J.—The first assignment of error is the action of the court in overruling appellant's demurrer to the complaint. The complaint sets up a contract, and alleges breaches thereof on the part of the defendant. In this respect we think the complaint does state a cause of action, at least for nominal damages. If so, it was good on a general demurrer

thereto. (*McCarty* v. *Beach*, 10 Cal. 462; *Wilson* v. *Clarke*, 20 Minn. 367 (Gil. 318); *Insurance Co.* v. *Baldwin*, 37 N. Y. 648.)

The appellant contends that the complaint fails to state the cost value of the goods therein mentioned, or any fact showing how plaintiffs were damaged by the defendant's refusing to permit Jacobs to supervise the collection of the accounts mentioned in the complaint, or any fact or facts which constitute a basis of special damages. This, we think, is true, and that the complaint, by reason thereof, is bad. But the demurrer found in the statement does not specify these defects, or any defects, in the complaint. The demurrer, although it says the complaint is ambiguous, uncertain, and unintelligible, does not specify wherein it is so. Unless the demurrer distinctly specify the grounds upon which objections to the complaint are taken, it may be disregarded. (Code of Civil Procedure, 1887, div. 1 § 87.) If the demurrer had distinctly specified the defects complained of as rendering the complaint ambiguous, uncertain, and unintelligible, it would have been good, and we have no doubt would have been sustained by the court below. But it did not do so. The demurrer, taken as a whole, is, in effect, a general demurrer, and is therefore as bad as the complaint it seeks to attack. (*Veeder* v. *Cooley*, 2 Hun. 74; *Read* v. *Lambert*, 10 Abb. Prac. (N. S.) 428, *White* v. *Spencer*, 14 N. Y. 247.)

The appellant contends that the court erred in overruling its motion for a nonsuit. The motion for a nonsuit, like the demurrer, failed to specify the grounds upon which it was made. It is too general. It did not specifically call the attention of the court to the particulars in which the evidence was insufficient, or failed to support the allegations of the complaint. (*Wright* v. *Insurance Co.*, 12 Mont. 474; *Soyer* v. *Great Falls Water Co.*, 15 Mont. 1.)

The appellant contends that the contract sued on is void, because not in writing, under the provisions of section 224, p. 652, of the Compiled Statutes of 1887. We think the consideration of the contract was not the sale and delivery of goods,

but the agreement on the part of respondent to forbear defending the suit being prosecuted, at the time of the agreement, by the appellant against the respondent, as shown in the complaint. It cannot be contended that the alleged contract on the part of the appellant to permit Jacobs to collect the accounts mentioned in the complaint, or not to charge more than $100 as attorney's fees in the suit mentioned in the complaint, constituted a contract for the sale and delivery of goods. We think the appellant's contention that the contract sued on is within the statute of frauds is untenable.

The appellant assigns as error the action of the court in admitting evidence over its objections. These objections are based upon the theory, in many instances, that the contract sued on was void, as stated above; but, having seen that this contention is untenable, the objections lose their force. In other instances the evidence objected to, we think, was properly admitted. We do not discover any error in the action of the court in this particular.

The appellant contends that there was no evidence to support the allegation in the complaint that Kleinschmidt was the agent of the appellant, or that the appellant ratified the action of Kleinschmidt, or that the evidence is sufficient to support the verdict of the jury. In this case there is a conflict of evidence in respect to these matters, which were properly submitted to the jury for their consideration and determination. We think there is sufficient evidence in the case to support their finding and verdict.

The foregoing treatment of the case renders it unnecessary to consider other errors assigned, as they are immaterial to a determination of this appeal. The judgment and order appealed from are affirmed.

*Affirmed.*

De Witt and Hunt, JJ., concur.