MARY ANN LEWIS, SOLE SURVIVING HEIR AT LAW OF JOHN A. LEWIS, DECEASED, APPELLANT *v.* SILVER KING MINING COMPANY, A CORPORATION, RESPONDENT.

PRACTICE—MOTION FOR NON-SUIT — HOW MOVING PARTY SHOULD SPECIFY HIS OBJECTIONS. MOTION IN PARTICULAR CASE—HELD INSUFFICIENT.

*Practice—Motion for Non-Suit—How Moving Party Should Specify His Objections.*

    A party moving for non-suit should, in the motion, lay his finger on the exact point of his objection.[1]

---

[1] *Frank* v. *Mining Co.*, 19 Utah, 35; *McIntyre* v. *Ajax Mining Co.*, 20 Utah, 323.

*Motion in Particular Case—Held Insufficient.*

A motion for a non-suit "on the ground of a fatal variance between the pleadings and the proof; and also upon the ground that the evidence fails to show any negligence or carelessness whatever on the part of the defendant company," is too general to be considered.

(Decided May 5th, 1900.)

Appeal from the Third District Court, Summit County. Hon. H. H. Rolapp, *Judge.*

Action for damages for the death of plaintiff's son alleged to have been caused by the negligence of defendant company. From a judgment of non-suit, plaintiff appealed. *Reversed.*

*Messrs. Richards & Allison,* for appellant.

*Messrs. Dickson, Ellis & Ellis,* for respondents.

BASKIN, J.

This is an action in which the plaintiff seeks to recover damages for the death of her son, alleged to have been caused by the negligence of the defendant.

The complaint in substance alleges that while John A. Lewis, the son of plaintiff was, on the 18th of July, 1898, engaged as a servant of the defendant, in making an excavation under the direction of defendant for a mill-site in Woodside Canyon, in Summit County, Utah, the defendant carelessly and negligently, and without knowledge or fault of the deceased, caused large rocks to be hauled and unloaded at a point on a steep hillside, above the place where the deceased was so engaged, and carelessly and negligently let one of the rocks roll down the hillside and strike and injure the deceased, thereby causing his death.

The answer denied the alleged negligence.    At the close of the plaintiff's testimony, the defendant moved for a non-suit "on the ground of a fatal variance between the pleadings and the proof; and also upon the ground that the evidence fails to show any negligence or carelessness whatever on the part of the defendant company."

The party moving for a non-suit should, in the motion, lay his finger on the exact point of his objection.    The motion does not state in what particulars there was a variance between the pleadings and the evidence; nor on what particular points the evidence failed to show negligence on the part of the defendant.    If this had been done it may be that the trial court would have permitted the pleadings to be amended so as to conform to the evidence, and have permitted the plaintiff to supply the defects in the evidence which the motion pointed out, and the plaintiff might have been able to have done so.

In the cases of *Frank* v. *Bullion Beck & Champion Min. Co.*, 19 Utah, 35, 56 Pac. 417 and *McIntyre* v. *Ajax Min. Co.*, 20 Utah, 323, 60 Pac. 554, we held that a party moving for a non-suit ought to be required to specifically state the grounds upon which he bases his motion, and thereby call the court's attention, and that of the opposite party, to the point on which he relies.    This rule is well established by the decisions of the courts. *Killer* v. *Kimball, et al.*, 10 Cal. 268; *Sanchez* v. *Neary*, 41 Cal. 487; *People* v. *Van Vord*, 27 Cal. 474; *Coffey* v. *Greenfield*, 62 Cal. 608; *Miller* v. *Lucas*, 80 Cal. 261; *Belcher* v. *Murphy*, 81 Cal. 39; *Shain* v. *Forbes*, 82 Cal. 582; *Jacobs Sultana Co.* v. *Union Mine Co.*, 17 Mont. 61.

There are numerous other authorities to the same effect.

In the last case cited the grounds of the motion for the

non-suit were that the plaintiff had failed to prove the allegations of the complaint, and had failed to prove any consideration or promise, or that any promise had been made by defendant, as alleged in the complaint.

In the case of *Jackson, Adm'r* v. *Traction Co.*, 59 N. J. Law, 26, the ground of the motion was, that the plaintiff had not established the liability of the defendant. The court, in the opinion said: "This vague statement left the mind of the trial judge unenlightened as to defendant's claim. Whether it was that the evidence failed to prove that the death of plaintiff's intestate was caused by the trolley car, or that the motorman was negligent or that the motorman was in defendant's employ, so that the maxim '*respondeat superior*' would apply, was not disclosed. Upon error, a bill of exceptions which does not show that the precise point of which a review is sought was made by counsel, presented to the mind of the court and decided, will not be considered. *Trade Insurance Co.* v. *Barracliff*, 16 Vroom, 543. The same reason applies to the review of such rulings of the trial judge by rules to show cause."

In *People* v. *Banvard*, 27 Cal. 474, the court said:

"Most, if not all, the considerations upon which it has been held that a party, objecting to the introduction of testimony, should state precisely the grounds of his objection, are equally applicable to show, when a non-suit is moved for at the trial, that the attention of the court and of opposite counsel should be particularly directed to the supposed defects in the plaintiff's case. We not only understand such to be the rule, but consider its observance a matter of much practical consequence."

The grounds of the motion in this case were too general to be considered.

I have, however, examined the evidence, and am of

the opinion that the testimony of the plaintiff tended to show negligence on the part of defendant, and was sufficient to support a verdict in favor of the plaintiff.

It is ordered that the judgment of the lower court be reversed, and the case remanded for a new trial, and that the respondent pay the costs.

BARCH, C. J. and MINER, J. concur as to the insufficiency of the motion for non-suit, and therefore in reversing the judgment for that reason.