# JOHN E. WHITE AND ANN WHITE, APPELLANTS, v. RIO GRANDE WESTERN RAILWAY COMPANY, A CORPORATION, RESPONDENT.

MOTION FOR NON-SUIT—WHAT IT MUST CONTAIN—POINTS RELIED ON.   PARTICULAR MOTION HELD INSUFFICIENT.

*Motion for Non-Suit—What it Must Contain—Points Relied On.*
A party moving for a non-suit must in his motion specify particularly the points relied on for such non-suit and thereby call the attention of the court and the opposite party to the points of his objection.[1]

---

[1] *Lewis* v. *Silver King Mng. Co.*, 22 Utah, 51; *Frank* v. *Mining Co.*, 19 Utah, 35, 56 P. 421; *McIntyre* v. *Ajax*, 20 Utah, 323.

*Particular Motion Held Insufficient.*

> A motion for a non-suit on the ground that "there is no evidence to show negligence towards deceased, for which an action will lie against defendant in favor of plaintiffs or either of them," does not advise the plaintiff of the exact defects in the proof relied on by defendant, and should have been overruled.

( Decided June 4, 1900. )

Appeal from the Third District Court, Salt Lake County. Hon. A. N. Cherry, *Judge.*

Action to recover damages for the death of plaintiff's son, caused by the negligence of defendant company. At the close of plaintiff's testimony a non-suit was granted. From such judgment of non-suit plaintiffs appealed. *Reversed.*

*Messrs. Patterson & Moyer*, for appellants.

The court erred in sustaining the defendant's motion for non suit in this ·

That the particular grounds on which the motion was made was not sufficiently called to the attention of the trial judge and of the plaintiffs at the time the motion was made, and was insufficient to raise any question on which the court could properly pass at that time. *Frank* v. *Bullion–Beck & Champion Mining Co.*, 19 Utah, 35, 56 Pac. 421; *Kiler* v. *Kimbal*, 10 Cal. 268; *People* v. *Banvard*, 27 Cal. 474; *Belcher* v. *Murphy*, 81 Cal, 40.

*Messrs. Bennett, Harkness, Howat, Sutherland* and *Van Cott* for respondent.

BASKIN, J.

This is an action in which the plaintiffs seek to recover damages for the death of their son Thomas F. White,

alleged to have been caused by the negligence of the defendant company. At the close of the testimony offered by plaintiffs, on motion of defendant, a non-suit was granted. The following is the only ground stated in the motion, to-wit: "There is no evidence to show negligence towards Thomas F. White, deceased, for which an action will lie against defendant in favor of plaintiffs or either of them."

Among the assignments of error by the appellant, is the following: "The court erred in sustaining defendant's motion for non-suit in this: That said motion was made in general terms, and the particular grounds on which the motion was made, were not sufficiently called to the attention of the trial judge, and of the plaintiffs, at the time the motion was made, and was insufficient to raise any question on which the court could properly pass at that time."

This court at the February term, in the case of *Lewis* v. *The Silver King Mining Co.*, held that "the party moving for a non-suit should, in the motion, lay his finger on the exact point of his objection * * * and thereby call the court's attention, and that of the opposite party to the point on which he relies." See, also, *Frank* v. *Bullion Beck & Champion Min. Co.*, 19 Utah 35; 56 Pac. 417; and *McIntyre* v. *Ajax Min. Co.*, 20 Utah 323; 60 Pac. 554.

Counsel for the respondent contend "that the rule that the motion for a non-suit does not specifically state the grounds of the objection, can only be raised on appeal when the motion is denied, and the party making the motion complains that it should have been granted, or when granted, by the plaintiff only when he shows that the defect could have been remedied by him if it had been called to his attention," and in support of this contention

state that "in other cases than those we do not know of a single case where the appellate court has held that the granting of a non-suit or the sustaining of an objection was erroneous because the particular ground upon which the motion for a non-suit was asked, or objection made, was not pointed out in the motion or in the objection." They do not, however, cite any case making any distinction.

In each of the cases hereinbefore cited, and which were decided by this court, the motion for a non-suit was granted.

In the case of *Sanchez* v. *Neary*, 41 Cal. 487, the grounds of the motion were, "First, that the plaintiff had failed to show the title to the demanded premises to be in himself; second, that he had failed to show that said premises are included in any of the deeds offered in evidence, or in the grant or patent to Sutter. The motion was granted by the lower court, and in the appellate court the respondent claimed that a certain deed introduced by appellant did not include the premises in controversy. The court, in its opinion, said: "If the defendants (respondent) intended to rely, in their motion for a non-suit on the ground that the deed from Sutter, Jr., to Brannan does not include the *locus in quo*, they should have distinctly so stated at the time."

In the case of *Flynn* v. *Dougherty*, 91 Cal. 669, a motion for a non-suit was granted, and the appellate court in reversing the judgment and order, said: "The only grounds stated by the defendant in his motion for a non-suit were, that the contract was one for the sale of goods and chattels, 'and that there was no note or memorandum thereof signed by the defendants, nor any acceptance or receipt of the goods, or any part thereof, nor any payment of purchase money, or any part thereof, as

required by the provisions of section 1624, subdivision 4, of the Civil Code; and on the further ground that plaintiff has failed to show that he has sustained any damage in any sum whatever.' The rule is well settled that a non-suit cannot stand unless the ground upon which it is supported was called to the attention of the court and the plaintiffs at the time the motion was made."

In the case of *Weber* v. *Germania Fire Ins. Co.*, 44 N. Y. S. 978, a motion for a non-suit had been granted, and the appellate court in reversing the case, said: "From the record before us it does not appear that the specific point was made upon the trial in the motion for a non-suit that the proof disclosed that the insured had not title to a portion of the property insured. The point made was that the plaintiff had failed to show facts sufficient to constitute a cause of action, and was too general to call the attention of the court to this specific point. *Pratt* v. *Ins. Co.*, 130 N. Y. 220, 28 N. E. 117; *Isham* v. *Davidson*, 52 N. Y. 237; *Adams* v. *Insurance Co.* 70 N. Y. 166. Had the attention of the court been called to this matter, an opportunity might have been given the plaintiff to give further proof upon the subject of notice which would have been conclusive."

In the case of *Perrin* v. *Prudential Ins. Co*, 61 N. Y. S. 249, it was held that, "A motion for non-suit on the ground that the proof fails to sustain the allegations of the complaint must specify the omissions relied on, so that they can be supplied if possible." In this case the motion was granted by the lower court.

In *Kafka* v. *Levensohn*, 41 N. Y. S. 368, the court said: "The second ground assigned for dismissal that the plaintiff has failed to prove the cause of action alleged, is too general to be available. It fails to point out any specific defect in the proofs."

When the motion fails to specifically state the grounds relied upon, the record on appeal fails to inform the appellate court what the grounds were or upon what grounds the motion was granted or refused.

Whether or not the appellant could or would have corrected the defects if any had been specifically pointed out in the motion this court cannot determine from the record. It is enough that the appellant was deprived of the right of being advised of the exact defects in the proof relied upon.

We are of the opinion that the motion in the case at bar should have stated the particulars wherein the evidence failed to show negligence.

The judgment of the court below is reversed, at respondent's costs, and the case remanded for a new trial.

BARTCH, C. J. and MINER, J. concur.