LYMAN SKEEN, APPELLANT *v.* OREGON SHORT LINE RAILROAD COMPANY, RESPONDENT.

*Motion—For Non-Suit—Insufficient Statement of Particulars.*

> A motion for a non-suit on the ground of contributory negligence of plaintiff which fails to state or show any particulars wherein the evidence shows contributory negligence, is insufficient and should be overruled.[1]

(Decided Nov. 23, 1900.)

Appeal from the Second District Court Weber County. H. H. Rolapp, *Judge.*

Action for damages for the negligent killing of certain horses of plaintiff. In the lower court a motion for non-suit was granted from which judgment plaintiff appealed. *Reversed.*

*Messrs. Zane & Rogers* and *T. D. Johnson, Esq.,* for appellants.

*P. L. Williams, Esq.,* for respondent.

MINER, J.

This action was brought to recover damages arising from the alleged negligence of the defendant company in running its cars over and killing 18 head of horses of the plaintiff, which were being used by a contractor in the construction of a side track or switch on defendant's road at Onyx, Idaho.

---

[1] Affirming, *Lewis* v. *Silver King Mining Co.,* 22 Utah, 51; *White* v. *R. G. W. Ry. Co.,* 22 Utah, 139; *Frank* v. *Bullion Beck Mng. Co.,* 19 Utah, 35.

After the plaintiff's testimony was introduced the defendant moved for a nonsuit on the ground "that plaintiff's evidence clearly and conclusively, and without contradiction, shows that he, at all events, was guilty of negligence, and that that negligence proximately contributed to the loss of which he complains."

The motion for a nonsuit on these grounds was granted by the trial court, and the case was dismissed. The plaintiff appealed.

It will be noticed that the motion failed to state or to show any particulars wherein the evidence shows any contributory negligence on the part of the plaintiff. The exact point of the objection was not stated. Had it been pointed out it is possible that it could have been obviated.

In *Lewis* v. *Silver King Min. Co.*, 22 Utah 51; 61 Pac. 860, this court held that the party asking for a nonsuit is required to specifically state the grounds upon which the motion is based, and thereby call the attention of the court and counsel to the point on which he relies. "He must lay his finger upon the exact point of his objection."

In *White* v. *Rio Grande Wes. Ry. Co.*, 22 Utah 139; 61 Pac. 568, this court held in a similar case that where a motion for a non-suit is made on the ground that "There is no evidence to show negligence toward deceased for which an action will lie against defendant in favor of the plaintiffs, or either of them, does not advise the plaintiffs of the exact defects in proof relied upon by the defendant, and should have been overruled. *Frank* v. *Bullion Beck Min. Co.*, 19 Utah, 85.

This case presents no valid reason for departing from the rules laid down in the above named cases.

This view of the case renders it unnecessary to discuss any other question raised in the briefs of counsel.

The judgment of the district court is reversed, with costs, and a new trial granted.

BARTCH, C. J., and BASKIN, J. concur.