YEAGER, Respondent, v. SOUTH DAKOTA CENTRAL RAILWAY COMPANY, Appellant.

(140 N. W. 690.)

1. **Trial—Motion for Directed Verdict—Specifying Particulars—Sufficiency of Evidence.**

   Defendant is not entitled to a directed verdict for insufficiency of plaintiff's evidence, it not having specified in the motion for verdict the particulars wherein the evidence is claimed to be insufficient to support the alleged cause of action.

2. **Special Findings—Discretion in Submitting.**

   Whether special findings shall be submitted to jury is within trial court's judicial discretion.

3. **Instructions—General Instructions Covering—No Exception.**

   Where instructions on court's own motion cover every possible phase of the case and were not excepted to, the refusal of special instructions was not error.

4. **Action for Injuries—Instructions—Conformity to Issues.**

   In a railroad engineer's action for injuries sustained while lighting a headlight, by the portion of the headlight cage to which the handhold was attached giving way because of its unsafe and defective condition, an instruction that defendant had a right to equip its locomotives with such headlights, headlight cages, handholds and appliances as it may see fit, or to omit the same altogether, was properly refused; the question not being whether the appliances placed on the engine were such as it had a right to place thereon, but whether, through its neglect, the appliances it had placed thereon had been allowed to become dangerous and unsafe.

(Opinion filed March 31, 1913. Rehearing denied May 21, 1913.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Peter J. Yeager against the South Dakota Central Railway Company, to recover damages for personal injuries. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Joe Kirby,* for Appellant.

At the close of the case we requested the court to require the jury to answer certain specific questions, (Abst., page 48), the first of which was: "Was the headlight cage on the locomotive which the defendant was using at the time of the accident which resulted in his injury, defective, and if so, how?" The next question was that if they answered the foregoing in the affirmative, to state if such defects were known to the defendant. The next was: "Did such headlight cage to which the handhold was attached break away when the plaintiff seized the same?" There was a conflict between plaintiff and defendant's evidence in this regard.

Section 271 of the Code C. P. provides: "In all other cases the court may direct the jury to find special verdicts in writing, upon all or any of the issues, and in all cases may instruct them if they render a general verdict to find upon particular questions of fact to be stated in writing, and may direct a written finding thereon."

I am aware of course, that this leaves the question of special findings to the discretion of the Trial Judge, but this means a legal discretion, so as to promote the administration of justice between the parties. If there ever was a case where a special finding should be submitted, particularly on the question of whether the headlight cage had broken as the plaintiff claimed at the time he seized it, it is the case at bar. I realized, as you must, that in trying such a question the sympathy of the jury is for the man who claims to have been injured; that juries, in attempting to apply the law as given in the general instructions of the court, to the facts, are sometimes prone to become liberal with the defendant's money; that they will render general verdicts when they will not stultify themselves by finding special facts contrary to their belief. Idaho has the same statute in this regard as South Dakota. Burke v. McDonald, 33 Pac. (Idaho), 49.

The next requested instruction was to the effect that the defendant had a right to equip its appliances as it saw fit, provided the plaintiff was aware thereof, a matter which I believe cannot be seriously questioned. Dresser, Employers' Liability, Sec. 93; White, Personal Injuries, Sec. 327-36-43-45-52; 3 Elliott Ry., Sec. 1289, and cases cited; Jones v. Annis, 28 Pac. (Kan.) 156.

*Riemer & Loffer, and C. P. Bates,* for Respondent.

While the evidence is amply sufficient to sustain the verdict, the question of its sufficiency will not be reviewed by this court for the reason that the defendant did not specify or point out to the court, in the motion to direct a verdict, any of the matters wherein he claimed that plaintiff had failed in his proof, and upon which defendant relied in making such motion. Nichols & Shepard Co. v. Marshall, 132 N. W. 791; Howie v. Bratrud, 14 S. D. 648; Tanderup v. Hansen, 8 S. D. 375.

The instructions given by the court to the jury, taken as a whole, fairly submitted all of the issues involved in this action. The defendant took no exceptions to the instructions given.

Requested instruction, marked "c," was properly refused as is does not correctly state the law upon the question involved. Defendant requested the court to charge the law to be, "that the defendant in this case had a right to conduct and equip its locomotives with such headlight, headlight cage, steps, hand holds, and appliances as it may see fit, or it might omit the same altogether." We understand the correct rule to be that it is defendant's duty to furnish machinery and appliances reasonably safe and suitable for the purpose for which used. Cannon v. South Dakota Central Ry. Co., 137 N. W. 347.

Appellant contends that the trial court erred in refusing to submit certain special interrogatories to the jury. In support of this contention Burke v. McDonald, 33 Pac. 49 (Idaho), and Jones v. Annis, 28 Pac. 155 (Kan.) are cited, but these cases are clearly distinguishable from and do not apply to the case at bar.

Section 5888 of the Statutes of Kansas provides: "In all cases the jury shall render a general verdict, and the court shall in any case at the request of the parties thereto or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same."

The difference between the Kansas statute and section 271, Code Civ. Proc., is too obvious to require comment; that of Kansas is mandatory and requires the court to submit special interrogatories when requested so to do; while our statute leaves the submission of such interrogatories to the discretion of the trial court. Thompson on Trials, Sec. 2672; McCormick v. Phillip, 34 N. W. 39 (Dak.); Smith v. Mulkey, 12 Pac. 76 (Ore.); McClean v. Burbank, 12 Minn. 530; Cole v. Crawford, 5 S. W. 646 (Tex.).

In the case at bar the issues are simple and such as could be easily understood by the jury. The case was submitted under instructions which clearly defined the issues involved.

WHITING, P. J.   Plaintiff brought this action seeking to recover damages claimed to have been suffered by him from injuries received while he was in the employ of defendant as locomotive engineer in charge of one of the engines running on defendant's road. He alleged that one of his duties as such engineer was to light the headlight upon the engine, and that, while engaged in lighting such headlight, and in order for him to be in a position to light the light, it was necessary to take hold of and to support himself in part by a handhold attached to the headlight cage. Plaintiff further alleged that the headlight cage was old, rotten, rusted, unsafe, and defective, all of which could have been, and should have been, known to defendant through the exercise of ordinary care and diligence, and was known to defendant, but unknown to plaintiff; that while attempting to light said headlight lamp, that portion of the headlight cage to which the handhold was attached, by reason of its rusted, unsafe, and defective condition, broke and gave way, allowing and causing plaintiff to fall and receive the injuries of which he complains, all of which was without fault or negligence on the part of plaintiff. Trial was had and a verdict returned in favor of the plaintiff. Judgment was entered upon such verdict, a motion for new trial denied, and from such judgment and order denying a new trial this appeal is taken.

The appellant assigns several alleged errors of the trial court in its rulings upon the admission and rejection of testimony, in its refusal to give certain requested instructions, in its refusal to direct a verdict, in its refusal to submit certain special findings to the jury, and in its refusal to grant a new trial.

That there were no reversible errors in the court's rulings upon the admission and rejection of evidence is perfectly clear, and the assignments based upon such rulings raise no legal propositions of sufficient importance to justify any review thereof in this opinion.

[1]  The defendant was not entitled to a directed verdict, (1) because the evidence was such that the court could not rightfully do else than submit the issues of fact to the jury; (2) because, in its motion for a directed verdict, the defendant did not specify the particulars wherein the evidence was claimed to be insufficient to support plaintiff's alleged cause of action.  Nichols & Shepard Co. v. Marshall, 28 S. D. 182, 132 N. W. 791; Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747.

[2]  Whether the trial court should submit special findings to the jury was a matter which, under the statute of this state, was within its judicial discretion; there is nothing in the nature of this case, nor in the evidence that was received, that rendered it difficult for the jury to apply the law given to the facts found, and thus intelligently render a general verdict.

[3, 4]  While the instructions asked for by the appellant may have stated correctly propositions of law applicable to facts which the evidence, in part at least, tended to support, yet the defense was in no manner prejudiced by the court's refusal to give the same, for the reason that the instructions given by the court, upon its own motion, covered fully every possible phase of the case, and these instructions were not excepted to.  The court's instructions covered the substance of every instruction asked for by appellant, save and except the following, found as a part of requested instruction C: "Now, I say to you that the defendant in this case had a right to conduct and equip its locomotives with such headlights, headlight cages, steps, handholds, and appliances as it may see fit, or it may omit the same altogether."  To this was coupled a proposed instruction, to the effect that such appliances as were furnished must be "sufficiently strong and reasonably safe to withstand the uses to which they are intended to be placed."  The question before the jury was not whether such appliances as defendant had placed upon this engine were, if in good condition, proper and fit and such as it had a right to put thereon, if defendant wished; the sole question was whether or not the appli-

ances which it had seen fit to put upon the engine were in a fit and safe condition, or whether, through the neglect of the defendant, they had been allowed to get into a dangerous and unsafe condition. This question was fairly submitted to the jury under the instructions given.

For all the reasons above stated, the trial court did not err in refusing a new trial.

The judgment and order appealed from are affirmed.