[File No. 7182]

BERNARD WESTERSO and Blanche Westerso, Respondents, v. CITY OF WILLISTON, North Dakota, a Municipal Corporation, Appellant.

(42 NW2d 438)

252

Opinion filed April 29, 1950.   Rehearing denied May 17, 1950

*Everett E. Palmer,* City Attorney, and *Hyland & Foster,* for appellant.

*Eugene A. Burdick,* for respondent.

CHRISTIANSON, J. Plaintiffs brought this action against the City of Williston to recover for injury to plaintiffs' properties, alleged to have been caused by water flowing into a basement apartment owned and occupied by the plaintiffs. The complaint alleges that the City of Williston is a municipal corporation duly organized and existing under the laws of this state and that the plaintiffs at the times referred to in the complaint were and are the owners of certain real property situated in said city.

That at the times mentioned in the complaint Third Avenue West was a public street within the jurisdiction and geographic limits of the defendant city; that the real property described in the complaint fronts upon and lies on the east side of said Third Avenue West and was and is used by the plaintiffs as their dwelling and place of residence. That during the times mentioned in the complaint there existed a water line from the basement of the dwelling of the plaintiffs running westerly to the water main located approximately ten feet west of the center line of said Third Avenue West directly in front of the premises owned and occupied by the plaintiffs; that on or about June 29, 1946, a heavy rain fell in the City of Williston and collected in the gutter and on the street in said Third Avenue West directly in front of said premises owned and occupied by the plaintiffs and that the collection of such water was caused principally, if not entirely, by a mound, or filling, of earth in the gutter on the west side of Third Avenue West approximately ninety feet south of the most westerly excavation which had been made for the purpose of laying said water line to the premises of plaintiffs. That the water thus collected on the west side of Third Avenue West caused said westerly excavation to become soaked or saturated with water, and to sink, and thereby permitted and caused more water to enter said excavation and to soak and saturate the area of said excavation near the water line leading to said premises and caused the water and material in the fill of the excavation along said water line to enter the basement of the premises of the plaintiffs and that said material and water were discharged upon the floor of the basement and flooded the same and thereby caused damage to the floor and made it necessary to replace the same and caused injury to household goods and furnishings in such basement and made it necessary for plaintiffs to expend labor and monies in cleaning the basement and repairing the same and that by reason of such entry of water the plaintiffs have been damaged in the sum of $1,000. That the earth or materials in the gutter on the west side of Third Avenue West and which impounded the water overlying the most westerly excavation of the water line leading to the premises of the plaintiffs rendered Third Avenue West in a defective and obstructed

condition, and such condition was caused by the neglect of the defendant city in respect to such street and in the failure of the authorities of the said city to remove said earth and materials and to maintain said gutter and street in the proper condition for the drainage of surface waters. That several weeks prior to said 29th day of June 1946 the defendant city through its officials had actual knowledge of the dangerous and obstructed condition of the said Third Avenue West and of the cause of said condition and notwithstanding such knowledge the defendant failed and neglected to remove such cause although it had the power and means to do so. It was further alleged in the complaint that on or about July 27, 1946, and within the time prescribed by law, the plaintiffs filed in the office of the city auditor a duly verified · claim for damages arising from the flooding of the basement owned and occupied by the plaintiffs together with an abstract of the facts out of which such claim and this cause of action arose and that the Board of City Commissioners of the defendant city did not audit and allow said claim. The defendant interposed an answer wherein it denied the allegations of the complaint except those expressly admitted. It admitted that the City of Williston is a duly organized municipal corporation and that at all the times mentioned in the complaint Third Avenue West was and is a public street within the jurisdiction and geographic limits of the defendant city. The answer further alleged that the water discharged into plaintiffs' basement and the damage caused, if any, resulted from plaintiffs' failure to exercise due care in filling the excavation made by the plaintiffs and that such negligence of the plaintiffs contributed to and caused the damages alleged in the complaint. The answer, also, alleged that the flooding of the streets and gutter and the resultant damage, if any, to plaintiffs' basement and property were due to an excessive rainfall on June 29, 1946, and plaintiffs having previously left the excavation partially filled · and exposed, all of which contributed to and was the principal cause of the damage suffered, if any. The case was tried to a jury upon the issues thus framed. Six persons were called and testified as witnesses for the plaintiff and five persons were called and testified as witnesses for the defendant. At the close

of all the evidence plaintiffs' counsel moved for a directed verdict in favor of the plaintiffs. The court denied the motion and thereupon defendant's counsel said:

"I would like to make a motion to the effect that the case of the Plaintiffs be dismissed by and for the reason that they have not proved negligence on the part of the City of Williston where they would be liable or responsible for damages according to law."

The court denied the motion of defendant's counsel. Thereupon the case was argued and submitted to the jury. The jury returned a verdict for the plaintiffs for $673.66. Thereafter the defendant moved for judgment notwithstanding the verdict. The motion was denied. Judgment was entered pursuant to the verdict and defendant has appealed from the judgment.

Appellant assigns error on, (1) the ruling of the court denying the defendant's motion for a dismissal of the action, and (2) the denial of the motion for judgment notwithstanding the verdict. Appellant also has made certain specifications of alleged insufficiency of the evidence to sustain the verdict.

The statute relating to motions for judgment notwithstanding the verdict provides: "When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the Court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request, but upon subsequent motion, by such moving party after verdict rendered in such action, that judgment be entered notwithstanding the verdict, or if the jury have failed to agree upon a verdict, for a directed verdict, the Court shall grant the same if, upon the evidence as it stood at the time such motion to direct a verdict was made, the moving party was entitled to such directed verdict." 1949 Supplement NDRC, Sec 28–1509.

Under this statute a motion for a directed verdict is a necessary prerequisite to a motion for judgment notwithstanding the verdict, and where no motion for a directed verdict has been made, the court is not authorized to grant a motion for judgment notwithstanding the verdict but is required to deny the same. Johns v. Ruff, 12 ND 74, 95 NW 440; West v. N. P. Ry. Co., 13 ND

221, 231, 100 NW 254; Ennis v. Retail Merchants Mut. Fire Ins. Co., 33 ND 20, 36, 156 NW 234, 238; Carson State Bank v. Grant Grain Co.; 50 ND 558, 197 NW 146; Gross v. Miller, 51 ND 755, 200 NW 1012; Baird, Rec. v. Stephens, 58 ND 812, 228 NW 212; Bormann v. Beckman, 73 ND 720, 19 NW2d 455; Weber v. United Hdwe. & Impl. Dealers Mut. Ins. Co., 75 ND 581, 31 NW2d 456.

In this case the defendant did not move for a directed verdict; hence, an essential prerequisite to a motion for judgment notwithstanding the verdict was missing. It is true defendant moved for a dismissal of the action but such motion does not constitute the basis prescribed by the law for a motion for judgment notwithstanding the verdict. Bailey v. Davis, 49 ND 838, 193 NW 658. While a motion by a defendant to dismiss the action and a motion by the defendant for a directed verdict both seek to withdraw the case from consideration by the jury and to have the case decided by the court as involving only questions of law, there are certain fundamental distinctions between the two motions. A motion by the defendant for a compulsory dismissal "looks to an arrest of the trial and a dismissal of the cause, leaving the merits undetermined and the plaintiff free to sue again, while a request for a directed verdict looks to a completion of the trial and an adjudication of the merits through the accustomed cooperation of the court and jury." 53 Am Jur, p 255, Sec 308. A motion to dismiss the action upon motion of the defendant under NDRC 1943, Sec 28–0801, will not result in a final determination of the merits but will leave the plaintiff free to institute another action. As has been noted a motion for judgment notwithstanding the verdict lies only where a motion for a directed verdict has been made and denied. The motion for judgment notwithstanding the verdict, in effect, reviews only the ruling on the motion for a directed verdict. Ennis v. Retail Merchants Mut. Fire Ins. Co., 33 ND 20, 156 NW 234; Weber v. United Hdwe. & Impl. Dealers Mut. Ins. Co., supra.

A judgment notwithstanding the verdict is a final determination of the merits. A motion for judgment notwithstanding the verdict should not be granted unless the moving party is enti-

tled to judgment on the merits as a matter of law. Aetna Indemnity Co. v. Schroeder, 12 ND 110, 95 NW 436; First State Bank of Eckman v. Kelly, 30 ND 84, 152 NW 125; Baird, Rec. v. Stephan, 52 ND 568, 588, 204 NW 188; State v. Yellow Cab Co., 62 ND 733, 245 NW 382; Sax Motor Co. v. Mann, 71 ND 221, 299 NW 691; Armstrong v. McDonald, 72 ND 28, 4 NW2d 191; Weber v. United Hdwe. & Impl. Dealers Mut. Ins. Co., supra. According to the plain language of Sec. 28-0801, NDRC 1943, a motion to dismiss the action does not authorize the court to make a final determination of the merits. Clearly the denial of a motion to dismiss the action does not furnish the basis which the law requires for a motion for judgment notwithstanding the verdict, and the ruling of the court denying a motion to dismiss is not reviewable on a motion for judgment notwithstanding the verdict. The trial court was correct in denying the motion for judgment notwithstanding the verdict.

The specifications for alleged insufficiency of the evidence to sustain the verdict do not present any question reviewable in this court. It is settled law in this state that the sufficiency of the evidence to sustain the verdict cannot be raised in or determined by this court unless the question was raised in the trial court either by motion for a directed verdict or by a motion for a new trial or both and the ruling or rulings on such motion or motions assigned as error on appeal. Morris v. Minneapolis, St. P. & S. Ste. M. R. Co., 32 ND 366, 155 NW 861; Freerks v. Nurnberg, 33 ND 587, 157 NW 119; Buchanan v. Occident Elevator Co., 33 ND 346, 157 NW 122; Erickson v. Wiper, 33 ND 193, 157 NW 592; Horton v. Wright, B. & S. Co., 43 ND 114, 174 NW 67; Bailey v. Davis, supra; Rokusek v. National Union F. Ins. Co., 50 ND 123, 195 NW 300; Veum v. Stefferud, 50 ND 371, 196 NW 104; Jacobson v. Klamann, 54 ND 867, 211 NW 595; Olson v. Great Northern R. Co., 56 ND 690, 219 NW 209; Baird, Rec. v. Stephan, supra; Lueck v. State, 70 ND 604, 296 NW 917. In this case the defendant made no motion for a directed verdict and made no motion for a new trial.

There remains then for consideration the assignment predi-

cated upon the denial of the motion to dismiss the action. Our laws (NDRC 1943, Sec 28–0801) provide:

*"Civil Actions Dismissed Without Prejudice; How.* A civil action, without a final determination of its merits, may be dismissed:

1. By the plaintiff at any time before trial if a provisional remedy has not been allowed, nor a counterclaim made, nor affirmative relief demanded in the answer, but not more than one action on the same cause of action against any defendant shall be dismissed without the written consent of the defendant or an order of the court on notice and cause shown;

2. By either party with the written consent of the other or by the court at any time before trial upon the application of either party and after notice to the other;

3. By the court when, upon the trial and before the final submission of the case, the plaintiff abandons it or fails to substantiate or establish his claim, cause of action, or right to recover;

4. By the court when the plaintiff fails to appear on the trial and the defendant appears and asks for the dismissal; or

5. By the court upon the application of some of the defendants when there are others whom the plaintiff fails to prosecute with diligence."

The motion to dismiss the action in this case purports to be predicated upon the third subdivision of Section 28–0801, supra, namely upon the ground that the plaintiffs failed to substantiate their cause of action or right to recover.

The general rule that an objection must be specifically stated (Kolka v. Jones, 6 ND 461, 480, 71 NW 558) applies to a motion to dismiss an action. 6 Ency Pl & Pr, p 878. The grounds upon which a motion for nonsuit or dismissal of an action is based "must be precisely and specifically stated in the motion at the time it is made," and such grounds are "conclusive upon the applicant both in the trial and in the appellate court and the defendant can not raise for the first time on appeal a ground of nonsuit not stated below." 6 Ency Pl & Pr, pp 878–879; 4 CJS p 603, sec 302; 9 Cal Juris 548; Hanson v. Lindstrom, 15 ND 584, 108 NW 798; Millar v. Millar, 175 Cal 797, 167 Pac 394; Skeen v. Ore. Short Line R. Co., 22 Utah 413, 62 Pac 1020;

Lewis v. Silver King Min. Co., 22 Utah 51, 61 Pac 860; White et al. v. Rio Grande W. Ry. Co., 22 Utah 138, 61 Pac 568; Jacobs et al. v. Union Mercantile Co., 17 Mont 61, 42 Pac 109; Humphreys v. Union & Glenn Springs R. Co., 84 SC 202, 65 SE 1051; McIntyre v. The Ajax Min. Co., 20 Utah 323, 60 Pac 552; Ingalls v. Isensee, 170 Ore 393, 133 Pac2d 614; Blue v. City of Union, 159 Ore 5, 75 Pac2d 977; Thompson v. Walker et al, 56 Idaho 461, 55 Pac2d 1300; Tanderup v. Hansen, 8 SD 375, 66 NW 1073; Howie v. Bratrud, 14 SD 648, 86 NW 747; Minder & Jorgenson Land Co. v. Brustuen, 31 SD 211, 140 NW 251; Yeager v. S. Dak. Cent. Ry. Co., 31 SD 304, 140 NW 690; Schmidt v. Carpenter, 27 SD 412, 131 NW 723; Davis v. C. & J. Michel Brewing Co., 31 SD 284, 140 NW 694; Nichols & Shepard Co. v. Marshall, 28 SD 182, 132 NW 791.

When a motion to dismiss is made on the ground that the plaintiff has failed to establish his cause of action the motion must show the particulars in which the evidence is insufficient. In such case the party moving for a dismissal of the action "should, in the motion, lay his finger on the exact point of his objection" and thereby call the attention of the court and counsel to "the exact defects in proof relied upon by the defendant." Lewis v. Silver King Min. Co., supra; Skeen v. Ore. Short Line R. Co., supra; White et al. v. Rio Grande W. Ry. Co., supra; Kolka v. Jones, supra. The judge presiding at the trial should not be "left to grope in the dark" or required to search the record to ascertain in what particular plaintiff's proof may be deficient. Humphreys v. Union & Glenn Springs R. Co., supra; Lewis v. Silver King Min. Co., supra; Skeen v. Ore. Short Line R. Co., supra; White et al. v. Rio Grande W. Ry. Co., supra.

Corpus Juris Secundum (4 CJS p 603, Sec 302) says:

*"Ordinarily an objection as to the sufficiency of the evidence must specify the particulars wherein the evidence is insufficient, and the grounds of the objection; and no grounds other than those stated will be considered by the reviewing court.*

"Usually an objection that the evidence is not sufficient to authorize or defeat a recovery, or to support the verdict, findings, or judgment, whether made by motion for a nonsuit, motion for direction of a verdict, demurrer to the evidence, or otherwise

must, to be available on appeal, specify the grounds therefor and the particular point on which evidence is wanting."

In Millar v. Millar, supra, the court said:

"It is thoroughly settled by a long line of decisions that an appellate court will not review the ruling of the trial court denying a motion for a nonsuit, upon any ground not precisely and specifically stated in the motion, and, where no ground is sufficiently stated, will not review it at all. In Miller v. Luco, 80 Cal 261, 22 Pac 195, the ground stated was 'that plaintiffs had failed to prove a sufficient case.' It was said:

" ' "It is settled law in this state that a party moving for a nonsuit should state in his motion precisely the grounds on which he relied so that the attention of the court and the opposite counsel may be particularly directed to the supposed defects in the plaintiff case." . . . The motion made here did not comply with this rule and it was therefore properly denied.' "

In Lewis v. Silver King Min. Co., supra, the court said:

"A motion for a nonsuit 'on the ground of a fatal variance between the pleadings and the proof, and also upon the ground that the evidence fails to show any negligence or carelessness whatever on the part of the defendant company,' is too general to be considered." (Syllabus, paragraph 2)

In Skeen v. Ore. Short Line R. Co., supra, the court said:

"After the plaintiff's testimony was introduced, the defendant moved for a nonsuit on the ground 'that the plaintiff's evidence clearly and conclusively, and without contradiction, shows that he, at all events, was guilty of negligence, and that that negligence proximately contributed to the loss of which he complains.' The motion for a nonsuit on these grounds was granted by the trial court, and the case was dismissed. The plaintiff appealed.

"It will be noticed that the motion failed to state or to show any particulars wherein the evidence shows any contributory negligence on the part of the plaintiff. The exact point of the objection was not stated. Had it been pointed out, it is possible that it could have been obviated. In Lewis v. Mining Co., 61 Pac. 860, this court held that the party asking for a nonsuit is required to specifically state the grounds upon which the motion is based, and thereby call the attention of the court and

counsel to the point on which he relies. He must lay his finger upon the exact point of his objection. In White v. Railway Co., 61 Pac. 568, this court held in a similar case that, where a motion for a nonsuit is made on the ground that 'there is no evidence to show negligence towards deceased for which an action will lie against defendant in favor of the plaintiffs, or either of them,' (it) does not advise the plaintiffs of the exact defects in proof relied upon by the defendant, and should have been overruled."

In the instant case the motion to dismiss the action was in the following words:

"I would like to make a motion to the effect that the case of the Plaintiffs be dismissed by and for the reason that they have not proved negligence on the part of the City of Williston where they would be liable or responsible for damages according to law."

There was no further amplification of the alleged defect in the proof. The motion purported to challenge the sufficiency of the evidence to prove negligence but it was qualified by limiting it to negligence on the part of the city which would render it liable or responsible for damages according to law. There was no attempt to point out any specific defects in the proof. The motion was restricted to one general statement. However, in this court arguments were advanced that the city in placing its water mains was performing a governmental function and that consequently there was no liability on the part of the city by reason of any injury that might have resulted from water coming into the plaintiffs' basement through any opening that might have been made in the street incident to the tapping of a water main. It was also argued that the defendant city did not have notice of the obstruction in the street which caused the water to accumulate and to come into the basement. It is also argued that the damages were caused by the negligence, and by the contributory negligence, of the plaintiffs; also that there was no negligence on the part of the city. As has been pointed out it is incumbent upon a party who makes a motion to dismiss an action for failure of the plaintiff to establish his cause of action to point out the particulars in which the proof

is defective. In this case that was not done. The motion that was made in this case would be equally applicable in any case predicated on negligence regardless of the character of the action or the defect or defects in the proof. So far as the language is concerned it would be as applicable in an action where a person is injured in a railway accident, in an automobile collision, by a defect in machinery or in a sidewalk, or where a physician is charged with negligence in the performance of an operation, or indeed, in any action where liability is predicated upon negligence. As has been said the trial judge in passing upon a motion to dismiss is not required to review the entire evidence to ascertain whether and in what particulars there may be defect in the proof.

In this case the motion to dismiss the action did not specify the particular defects in plaintiffs' proof relied upon by the defendant and the trial court was justified in denying the motion on this ground alone. See authorities cited above. See also 9 Ency. of Evidence, pp. 60–61; 6 Jones, Commentaries on Evidence, 2d Ed., p. 4983; Kolka v. Jones, supra.

However, if the trial court before ruling on the motion searched the record to ascertain whether there was any evidence tending to establish negligence on the part of the defendant city he would have found this to be the situation. That it was admitted by the pleadings that Third Avenue West was one of the public streets in the defendant city. He would have found also that the undisputed evidence showed that the plaintiffs were the owners of a tract of land, in an unplatted portion of the City of Williston on the east side and fronting upon Third Avenue West, on which plaintiffs had constructed a building which they were occupying as a home. That there was located a water main in said Third Avenue West approximately ten feet west of the center line of said avenue directly in front of the premises occupied by the plaintiffs. That plaintiffs made arrangements with a licensed plumber in the City of Williston to construct a water line to connect their residence with the water main on Third Avenue West and that the City of Williston issued a permit to such plumber to tap the water main for the purpose of having such water line connected with said water

main and that in April 1946 the plumber tapped such water main and made the necessary connection and laid the water line to and connected the same with facilities in plaintiffs' home. That in order to connect said line with the water main it became necessary for such plumber to dig a hole of sufficient size to enable a person to go down to the water main and make the connection. That in the installation of such water line this was the only hole that was dug in the street in said Third Avenue West although two other holes were dug on the east side of the street on the premises occupied by the plaintiffs. That the holes that had been dug were filled,—the one in the street having been filled by or under the direction of the plumber. That on Third Avenue West and approximately ninety feet south of the excavation that had been made in the street for the purpose of tapping the water main there was an obstruction in the street which filled the gutter and extended into the street on the west side, and was raised above the level of the street at that point, and that this obstruction caused water to gather and be impounded when rain fell with the result that a body of water as much as fifty feet in length and over would be and was formed above the obstruction. Two persons residing in homes owned by them on the west side of the avenue testified that the water at times would accumulate to such extent that it would flood the sidewalk on the west side of the avenue and the yard around their houses. One of the witnesses said "it made a lake around the house." According to such witnesses this condition had continued during the spring and summer prior to the time that plaintiffs' premises were damaged. One of the owners of such properties testified that some two weeks before plaintiffs' basement was flooded he contacted the street department with respect to the obstruction and the water that had gathered in front of his premises and was informed that he should notify the city auditor and that he thereupon did notify the city auditor of the condition with respect to the obstruction and accumulation of water caused thereby. That during the morning of June 29, 1946, a rain aggregating some ninety hundredths of an inch fell during a period of some three hours. That the plaintiff testified that about 4 o'clock in

the morning on June 29, 1946, he became aware that water was running into his basement and found that it was entering at the point where the water line came in. That he sought to protect the property that was being damaged and thereafter went outside to ascertain, if possible, the cause and found that the water on the west side of the street where it had been forming the so-called "lake" had accumulated as a result of the obstruction in the street and that the water had risen to such extent as to wholly cover the part of the street where the excavation had been made to connect the water line with the water main and that he noticed that the excavation had subsided somewhat and that water was flowing into it. That thereupon he procured a spade and proceeded to dig a trench through the obstruction and succeeded in removing a sufficient portion thereof so that the water that had accumulated ran out to such extent that it no longer covered the place where the excavation had been made. That thereafter water ceased to flow into the basement. That the water which came into plaintiffs' basement damaged certain furniture and other personal property and also damaged the floor and resulted in injury to the plaintiff to the amount of at least $1000. That there was evidence that the street in Third Avenue West was constructed so that it was higher in the center and sloped gradually to the sides and that at the point where the water main was located and where the excavation had been made the street was somewhat higher that it was toward the side and that on former occasions when water had accumulated as a result of the obstruction the water had not reached a height where it covered the place where the excavation had been made. Hence, if the court in considering the motion to dismiss the action searched the evidence, it must have reached the conclusion that there was some substantial evidence tending to show negligence on the part of the city and that the water which entered plaintiffs' basement and caused damage to his property could not and would not have entered if it had not been for the obstruction in the street of which defendant had notice. If the defendant had moved for a directed verdict and in such motion pointed out the particulars in which it claimed that the evidence failed

to establish negligence or to establish plaintiffs' cause of action the court clearly would not have been justified under the laws of this state in directing a verdict for the defendant and it would have been error to do so. Sec. 28–1509, NDRC 1943, as amended by SL 1945; First National Bank of Ashley v. Strauss, 50 ND 71, 194 NW 900; McLeod v. Simon, 51 ND 533, 200 NW 790; Ellsworth v. Martindale-Hubbell Law Directory, 69 ND 610, 289 NW 101.

It is a general rule of wide application that it will be presumed on appeal in the absence of a showing to the contrary that the trial court acted correctly and did not err; that "indeed error is never presumed on appeal, but must be affirmatively shown by the record; and the burden of so showing it is on the party alleging it, or, as sometimes stated, the burden of showing error affirmatively is upon appellant or plaintiff in error." 4 CJ pp 732–733; 5 CJS pp 264–266. An appellant who predicates error upon the ruling of the court in denying his motion to dismiss the action for failure of the plaintiff to establish his cause of action must present a record on appeal showing that the motion which he presented to the trial court specified the particular defects in the proof on which he relies, and a record on appeal which shows that such motion failed to specify the particulars of the alleged defects in the proof on which the moving party relied does not show error on the part of the court in denial of the motion. See authorities cited above. See also 9 Ency. on Evidence, pp 60–61; 6 Jones, Commentaries on Evidence, p 4983; Kolka v. Jones, supra.

The appellant in this case has failed to sustain any of the assignments of error by the record presented on this appeal. The judgment appealed from must therefore be affirmed. It is so ordered.

NUESSLE, C. J., and MORRIS, GRIMSON and BURKE, JJ., concur.