[No. 12985. In Bank. — October 2, 1889.]

## SARAH W. BELCHER, RESPONDENT, *v.* PATRICK MURPHY, APPELLANT.

NONSUIT — SPECIFICATION OF GROUNDS OF MOTION. — When there is sufficient evidence for the plaintiff as to the specific points of objection pointed out in defendant's motion for a nonsuit, an entire failure of the evidence upon a point not specifically pointed out as a ground of the motion will not be ground for reversal of an order refusing the nonsuit. A general statement that the motion is made on the grounds of plaintiff's failure to prove any of the material allegations of the complaint is too general to raise any specific question, and is insufficient.

FINDINGS — INSUFFICIENCY OF EVIDENCE — SPECIFICATIONS — REVIEW ON APPEAL. — No question as to the insufficiency of the evidence to justify a finding will be considered on appeal, when there is no specification in the transcript which raises the question.

INJUNCTION — DESTRUCTION OF LEVEE — FINDINGS — OWNERSHIP. — A judgment enjoining a defendant from destroying a levee alleged by the plaintiff to have been constructed on land owned by him, to protect another tract of his land from overflow, is sustained, so far as the question of his ownership is concerned, by a finding that "said levee is upon the line dividing the lands of plaintiff and defendant, and is built partly upon the lands of each."

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Grove L. Johnson,* for Appellant.

*A. P. Catlin,* for Respondent.

WORKS, J. — This is a proceeding by the respondent to enjoin the appellant from destroying a levee alleged to have been constructed by the respondent on a certain tract of land owned by her to protect a certain other tract of her land from overflow. There was a trial by the court, findings for plaintiff, and judgment accordingly. The appellant moved the court below for a nonsuit, which was denied. He also moved for a new trial, which was also denied, and he appeals. The motion for a nonsuit was "on the grounds of plaintiff's failure to prove any of the material allegations of the complaint, and a failure to prove any damage done to the levee, or any notice to the defendant of the claim of the plaintiff to the levee prior to his purchase." The evidence tended to show that one Taylor was the owner of property which he sold to the appellant, and that at the time of such sale he called to the attention of the appellant the fact that the respondent had with his, Taylor's, consent constructed the levee in question on the line of and partly upon the lands then owned by Taylor, and that the appellant pur-

chased his lands with full knowledge of the fact that such levee was constructed by the respondent and owned by her. There is an entire absence of any evidence in the record that the respondent was the owner of the lands upon which the levee was constructed, or of any other lands, as alleged in her complaint, and if the record contains all the evidence, and the motion for a nonsuit had pointed out this want of evidence as a ground for the motion, it should have been sustained. But the motion was entirely too general to raise any such question. It was not sufficient to move on the ground that the plaintiff had failed to prove any of the material allegations of the complaint. The particulars in which it was claimed the evidence was insufficient should been been specifically pointed out. (*Poehlmann* v. *Kennedy,* 48 Cal. 201; *Coffey* v. *Greenfield,* 62 Cal. 602.) As to the specific objections pointed out in the motion, there was sufficient evidence on the part of the plaintiff, and the nonsuit was for that reason properly denied.

It is also contended by the appellant that the evidence does not show that the plaintiff was the owner of the lands described in her complaint. It is not clear whether it is intended to claim that the findings are not sustained by the evidence in this respect or not, but if so, there is no specification in the transcript which raises any such question.

It is further contended that the findings of the court are insufficient to sustain the judgment, for the reason that there is no finding that the respondent was the owner of the real estate. But the court does find that "said levee is upon the line dividing the lands of plaintiff and defendant, and is built partly upon the lands of each." This, we think, is a sufficient finding that the levee was constructed upon land owned by the respondent, and is sufficient in that respect to uphold the judgment.

As to the point made that the evidence is not sufficient

to show that the appellant in any way injured the levee, we think there was evidence to sustain the finding of the court, and the same may be said with reference to the other objections made to the findings.

We find no available error in the record.

Judgment and order affirmed.

Fox, J., SHARPSTEIN, J., BEATTY, C. J., and PATERSON, J., concurred.

McFARLAND, J., concurred in the judgment.