# W. I. FRANK, Appellant, *v.* BULLION BECK AND CHAMPION MINING COMPANY, Respondent.

| | |
|---|---|
| 19 | 35 |
| a20 | 331 |
| 19 | 35 |
| f22 | 53 |
| 22 | 140 |
| 22 | 414 |
| 19 | 35 |
| 23 | 270 |
| 19 | 35 |
| 25 | 430 |
| 19 | 35 |
| 33 | 166 |
| 34 | 441 |

MASTER AND SERVANT — NEGLIGENCE — GENERAL RULE OF ASSUMPTION OF RISK — WHEN AND HOW VARIED. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE —.QUESTIONS FOR JURY. NON-SUIT — MOTION — WHAT IT MUST SET FORTH.

1. *Master and Servant — Negligence — General Rule of Assumption of Risk — When and How Varied.*

   The general rule concerning the assumption by a servant of an extra hazard may be varied by the facts or circumstances of the particular case, and no fixed rule can be laid down to determine what act of the servant would constitute contributory negligence.

2. *Negligence — Contributory Negligence — Questions for Jury.*

   There being evidence which tended to show that defendant was guilty of negligence in not properly timbering the mine; and that defendant's foreman ordered plaintiff to perform a service clearly outside the scope of his employment; and that plaintiff relied upon the superior knowledge of the foreman, the risks and dangers of the unusual service not being visible or readily understood; the question of defendant's negligence and plaintiff's contributory negligence should have been left to the jury.

3. *Non-Suit — Motion — What It Must Set Forth.*

   A motion for a non-suit should specifically set forth the grounds upon which it is based.

(Decided March 14, 1899.)

Appeal from the Fifth Judicial District Court, Juab County, Hon. E. V. Higgins, *Judge.*

Action by plaintiff for personal injuries alleged to be the result of an accident that occurred in defendant's mine and through defendant's negligence.

From a judgment of non-suit plaintiff appeals. *Reversed.*

*Messrs. Powers, Straup & Lippman* for appellant.

The court erred in granting said motion because no grounds at all therefor are stated in the motion. It is error for the trial court to grant a non-suit, unless the grounds therefor are called to the attention of the trial judge and the plaintiff at the time the motion is made. *Palmer* v. *Marysville Dem. Pub. Co.*, 99 Cal., 168.

A general statement that the motion is made on the grounds of plaintiff's failure to prove any of the material allegations of the complaint is too general to raise any specific question, and is insufficient. *Blecher* v. *Murphy*, 81 Cal., 39.

The mere fact that the appellant knew of the cave-in is not sufficient to bar his action. It is necessary that he also should know the danger attending the circumstances and appreciate the same. Where the servant in obedience to the orders and requirements of the master, is ordered into a place of danger known to the master, and the facts and circumstances are such that to the servant as a reasonable, prudent person in the exercise of reasonable care, it is reasonably probable that the work directed to be performed may be safely done with the use of care proportionate to the danger, then the servant is not guilty of negligence, nor can he be charged with the assumption of risk in his attempt to perform said service. *Mangum* v.

*Bullion Beck* (Utah), 50 Pac. Rep., 834; *Lee* v. *So. Pac. R. R.*, 101 Cal., 118; *Ill. Steel Co.* v. *Schymononski*, 162 Ill., 447; *Chi. Brick Co.* v. *Sobkowick*, 38 Ill., 531; *Schlocker* v. *Ashland Min. Co.*, 50 N. W. (Mich.), 839; *Parker* v. *R. R.*, 48 S. C., 364.

The circumstances of the case but raised a question of fact for the jury whether appellant as a reasonable, prudent man was justified in obeying the order and command of his master. *McKee* v. *Tourtellotte*, 167 Mass., 69 ; *Dells Lumber Co.* v. *Erickson*, *U. S. C. C.*, 1 Am. Neg. Rep., 794 ; *Monahan* v. *Coal Co.*, 58 Mo., App., 68 ; *Warner* v. *R. R. Co.*, 108 Mo. App., 184 ; *Schroeder* v. *R. R.*, 108 Mo., 323 ; *Richmond R. R.* v. *Rudd*, 88 Va., 648 ; *Miller* v. *U. P.*, 12 Fed. Rep., 600 ; *Norfolk* v. *R. R.*, 24 L. R. A., 717 ; *Hamilton* v. *Coal Mining Co.*, 18 S. W., 977 ; *Dumas* v. *Stone*, 25 Atl., 1097 ; *Carbine* v. *R. R.*, 61 Vt., 348 ; *Nadam* v. *Lumber Co.*, 43 N. W., 1135 ; *Graham* v. *Coke Co.*, 18 So., 18 ; *Schlitz* v. *Brewing Co.*, 59 N. W., 188, 59 N. W., 531 ; *R. R. Co.* v. *Duffield*, 47 Am. Rep., 319.

The question of negligence on the part of respondent and the question of negligence on the part of appellant should have been submitted to the jury. *Wright* v. *So. Pac. Ry.*, 14 Utah, 383 ; *Chapman* v. *Ry.*, 12 Utah, 30 ; *Wilson* v. *Min. Co.* (Utah), 52 Pac. Rep., 626 ; *Reese* v. *Min. Co.* (Utah), 49 Pac., 824 ; *Handley* v. *Min. Co.* (Utah), 49 Pac., 295 ; *Ives* v. *Ry. Co.*, 144 U. S., 428.

*George Westervelt, Esq.*, for respondent.

No recovery can be had by an employee while in the performance of a service not within the scope of his duty, if his opportunity for observing the danger was equal to that of his employer. *Houston & C. R. Co.* v. *Fowler*,

56 Tex., 452 ; 2 Thompson on Neg., 967, Sec. 7 ; *Galveston and C. R. Co.* v. *Lempe*, 59 Tex., 19 ; *Wormell* v. *R. Co.*, 79 Me., 397; *Georgia, etc., R. Co.* v. *Kinney*, 58 Ga., 485 ; *Mad River o.* v. *Barber*, 5 Ohio St., 541 ; Beach on Contr. Neg., Sec. 133, pp. 362, 363: *Taylor* v. *Mfg. Co.*, 140 Mass., 150.

If a servant has sufficient notice of the peril to put him on his guard, it is of no importance that such notice did not proceed from the master. 1 S. & R. on Neg. (5th Ed.), Sec. 203, p. 335, and cases cited in notes 16 and 17.

A servant can not recover for an injury which he would not have suffered if he had not voluntarily left his post of duty to take a position of great danger, even though his act may have been well meant, and his object to continue serving his master. 1 S. & R. on Neg. (5th Ed.), Sec. 207, p. 349, and cases cited; *Sammon* v. *R. Co.*, 62 N. Y., 251 ; *O'Neill* v. *R. Co.*, 45 Iowa, 546.

Where a servant wanders voluntarily away from his post of duty, prompted by curiosity or idleness, and is injured, he has no remedy. *Wright* v. *Rawson*, 35 Am. Rep., 275; *Sinclair* v. *Berndt*, 87 Ill., 174 ; *Honor* v. *Albrightson*, 93 Penn. St., 475 ; *Batchelor* v. *Fortesque*, 11 L. R. Q. B. Div., 474 ; *Bunt* v. *Mining Co.*, 24 Fed., 847 ; *Doggett,* v. *R. Co.*, 34 Iowa, 284; *Mandell* v. *Wheeler*, 59 Ill. App., 459.

As has been said, the question presented in the lower court was one of law, not of fact, and the court in granting the non-suit in nowise invaded the province of the jury.

Where there is no conflict in the evidence, no dispute as to the facts, there is nothing to submit to the jury, and the question is one of law, and can be decided only by the court. 2 Thompson on Trial, Sec. 2243.

A non-suit should be granted where the evidence, in

the most favorable light for the plaintiff in which the jury would be at liberty to view it, would not justify a verdict for him. *Posten* v. *Tramway Co.*, 53 Pac. (Colo.), 391 ; *Easter* v. *Hall*, 40 Pac. (Wash.), 728.

A trial judge should grant a non-suit when, if the case is being tried to a jury, a verdict for the plaintiff should be set aside for want of evidence to support it. *Downing* v. *Murray*, 45 Pac. (Cal.), 869.

A judgment of non-suit will be entered where there is any element of proof wanting to make out plaintiff's case. *Tripp* v. *Fiske*, 4 Colo., 24.

STATEMENT OF FACTS.

This is an action for personal injuries alleged to be the result of an accident that occurred November 4, 1895, in defendant's mine, and on the 800-foot level thereof. The complaint alleges, that defendant negligently and carelessly failed to properly timber said mine ; that it carelessly and negligently ordered plaintiff into an unsafe and hazardous place to work without warning or informing plaintiff thereof ; and that the alleged injuries complained of resulted from such negligence. The answer denies the allegations of negligence, and alleges contributory negligence on the part of plaintiff.

The plaintiff, at the time of the accident, was, and for nearly two years prior thereto had been in the employ of the defendant as a common miner. On the day of the accident Dennis Sullivan, another miner, was at work about twenty-five or thirty feet from plaintiff, and in the same stope. The stope was about forty feet long, and the same distance in width. The rocks composing the walls and roof when exposed to the air became somewhat slackened and loose, and required timbering. What is known as square sets were used for timbering this stope. The

distance from the top of these square sets to the roof of the stope varied from eighteen inches to two and three feet. No stulls or props of any kind were placed between the top of the square sets and the roof to prevent the roof from falling or caving in. While at work the plaintiff heard a crash or noise indicating that there was a cave in the direction of where Sullivan was at work, and he immediately started in that direction to see what had happened. He went down one set of timbers (about seven feet) and over toward Sullivan. He had gone about thirty-five feet in all, when he came in sight of Sullivan, who had just been caved on. Several men were near Sullivan endeavoring to carry him out. A Mr. Brant, the shift boss, was standing near the cave when plaintiff came in sight of it, and he (Brant) ordered the plaintiff to go down and assist to carry Sullivan out. The plaintiff, in compliance with the order thus given by the shift boss, proceeded to where Sullivan was lying, and when in the act of carrying him out, another cave occurred which caused the alleged injuries to plaintiff, and for which he brings this action.

The plaintiff testified, in part, as follows, as to the situation when he came to where the shift boss was standing: "He (Brant) was standing probably five feet from me. I was not where I could see what had happened. I could see that Sullivan was down there and caved on. * * * I could n't see where the cave came from. * * * I had only been there perhaps half a minute; just got there to pack him out when I was hurt. I had no time to look around." On cross-examination, he testified: "Brant was the first man I saw. * * * He was at the place where I stopped. He was giving directions. He was standing looking toward the accident. * * * He saw me as soon as I came down. * * *

The moment I got to him he said : 'Frank, you go down and help carry that man out. You are big and strong and can do more than some of the others.' I had just got in fair glimpse of the crowd down there when he spoke to me. * * * After Brant spoke to me, I went right down. My intention was to remain standing on top of the timber and not assist or aid the other men, and I would not have gone to the place without Brant's orders, he being present there and seeing how it happened. I never saw or was present at any cave that I know of. * * * I can not say that when a cave occurs that within a short time thereafter pieces of rock or other dirt are likely to fall."

Other witnesses testified to practically the same facts, also as to the extent of the alleged injuries sustained by plaintiff.

When plaintiff rested his case, the defendant moved the court for a non-suit, as follows : "The defendant moves the court for a judgment of dismissal or non-suit against the plaintiff, because plaintiff has not proved a sufficient case for the jury."

The court sustained the motion and dismissed the case, to which order and ruling the plaintiff duly excepted.

There are two grounds upon which the appellant relies for a reversal of the judgment of the trial court. First, he insists that there is sufficient evidence of negligence on the part of the defendant to go to the jury. Second, that no grounds are stated in defendant's motion for a non-suit, and therefore the motion is insufficient to sustain a judgment of dismissal.

*Mc Carty, District Judge,* after stating the facts. delivered the opinion of the court.

Respondent insists that the plaintiff, having voluntarily left his work and gone to the scene of the accident,

the act was his own, and that he assumed the extra hazards and dangers to which he thus exposed himself, and therefore can not recover.

As a general rule, when the servant voluntarily leaves his post of duty, and places himself outside of the scope of his employment, and while not in the discharge of any duty he owes to the master, incurs risks and dangers that he could have avoided by remaining where the duties of his employment required him to be, and is injured while thus off duty, the master is not liable. We do not think, however, that the case at bar comes within the rule to the extent that a court would be authorized in holding as a question of law that the plaintiff when he left his work, on hearing the crash or noise, did anything more than any prudent man of ordinary caution and discretion would have done under the same or similar circumstances. Therefore, we are not prepared to say that the plaintiff, when he left his work to ascertain the locality and magnitude of the cave, violated any duty he owed to the defendant, especially in view of the fact that he was 800 feet underground at work mining, a class of work attended with many risks and dangers. And in view of the further fact that it is a matter of common knowledge that accidents resulting from the caving in of mines, or portions thereof, are not of uncommon occurrence in the mining regions. A miner's safety, in fact his very existence, and that of his co-employees, and the safety of the mine, in case of a cave, might depend upon prompt action on his part. And for him to remain at work without investigating, after hearing or being advised of a cave of the magnitude of the one under consideration, might, as the result of the delay, permit every avenue of egress from the mine to be cut off and himself and co-employees imprisoned hundreds of feet

under ground, beyond all reach of human assistance. No fixed or uniform rule, however, can be laid down by a court to determine what act or series of acts would constitute contributory negligence on the part of the servant, when without any fault on his part he is placed in great peril on account of a cave, fire, or other casualty in a mine in which he is at work. These questions can not be decided by the application of purely legal principles. Each case must necessarily be determined upon the particular facts, circumstances, and conditions surrounding it. What would be regarded as a wise course to pursue, or thing to do, by the servant under certain circumstances, might under different or other circumstances and conditions be held the worst of negligence.

There is some evidence in the record which tends to prove negligence on the part of the defendent on account of its failure to properly timber that part of the mine where plaintiff and Sullivan were at work. The record shows that the cave might have been prevented by the placing of temporary props between the top of the square sets of timbers and the roof of the stope where the cave occurred. The evidence also tends to show that this is the usual method of guarding against accidents of this character, when the permanent sets of timbers do not come in contact with and support the roof. These are questions of fact that we think should have been submitted to the jury.

The controlling question, however, in this case is, Was it contributory negligence on the part of the plaintiff in obeying Brant, the shift boss, when he ordered plaintiff into the place of danger where he received the injuries complained of? The plaintiff, when he arrived at the scene of the accident, found Brant giving orders and directions to the men who were endeavoring to extricate

Sullivan from the rocks and débris, and carry him to a place of safety. Brant, without making any explanation whatever of the extra hazards and risks, ordered plaintiff to go down to where Sullivan was lying and help carry him out. This was a service that was clearly outside of the scope of the plaintiff's employment. Brant being there at the scene of the accident, prior to plantiff, had a better opportunity to understand and appreciate the perils and dangers than plaintiff, who thereby was justified in relying on the superior knowledge of Brant, unless the dangers and risks were visible and could be readily seen and understood, and were of such a nature that an ordinarily prudent man, under the same or similar circumstances would readily see and understand without first having them explained and pointed out to him, and understanding would not encounter them, even at the risk of being dismissed from his employment upon refusing to obey. *Linderberg* v. *Mining Co.*, 9 Utah, 168; *Dallemand* v. *Saalfeldt*, 51 N. E., 645

After taking into consideration all the facts, circumstances, and appearances as they existed when plaintiff first came upon the scene of the accident, also, that the life of a co-laborer was in imminent peril, it is a fact for the jury to determine as to whether or not plaintiff, before and at the time of obeying Brant's orders, knew or ought to have known and realized the extent of the danger to which he was exposing himself. Bailey on Mast. Liabil., p. 172; *Wilson* v. *Mining Co.* (Utah), 52 Pac., 626.

The question of negligence on the part of the defendant and contributory negligence on the part of the plaintiff are questions of fact that should have been submitted to the jury. *Wright* v. *So. Pac. Ry. Co.*, 14 Utah, 383; *Reese* v. *Mining Co.* (Utah), 49 Pac. Rep., 295, and cases cited.

We think the court erred in sustaining defendant's motion for a non-suit, for the reasons stated, and for the additional reason that the motion is too general, and does not specify the grounds upon which it is based. We are of the opinion, and so hold, that a party moving for a non-suit ought to be required to specifically state the grounds upon which he bases his motion, and thereby call the court's attention and that of the opposite party to the point on which he relies. The California Code contains a provision on this subject, which is similar to that of our own State. Deering's Civil Code, Sec. 581. The Supreme Court of that State has held in a number of well-considered cases that a motion for a non-suit, made in general terms, such as the one under consideration, is not suficient to authorize a court to dismiss the action. *Poehlman* v. *Kennedy*, 48 Cal., 201; *Coffey* v. *Greenfield*, 62 Cal., 602, and cases cited; *Belcher* v. *Murphy*, 81 Cal., 39; *Palmer* v. *Marysvalle Dem. Pub. Co.*, 90 Cal., 168; *Jacobs et al.* v. *Mercantile Co.*, 17 Mont., 61.

The case is reversed, with directions to the trial court to set aside the judgment of dismissal, and to grant a new trial. The costs of this appeal to be taxed against the respondent.

BARTCH, C. J., and BASKIN, J., concur