[Civ. No. 77. Fourth Appellate District.—November 18, 1930.]

LEE OMAR CURRY et al., Appellants, v. EDGAR P. WILLIAMS, Respondent.

Monte C. Fiscus, R. Goer, Eldred L. Eaton and Goer & Eaton for Appellants.

Scarborough, Forgy & Reinhaus for Respondent.

BARNARD, J.—This is an action for damages for injuries sustained by the plaintiffs while riding as guests in an automobile driven by the defendant. The accident occurred near Deming, New Mexico, about 10 o'clock on the evening of December 12, 1927. The defendant, driving a Willys

Knight automobile equipped with four-wheel brakes, was proceeding west along a main graveled highway, the traveled portion of which was eighteen feet wide. At the point where the accident occurred a combination cattle gate and cattle-guard was located upon the highway. A post stood in the center of the roadway, on the south side of which was an iron gate, which was closed at the time, and on the north side thereof was a cattle-guard so constructed as to permit automobiles to cross. This cattle-guard, being seven or eight feet in width, was the only passageway open to automobiles at that time without opening the gate across the south half of the road. The post and gate were painted white, and the defendant had passed over this cattle-guard on a previous occasion when he traveled east. As he approached the cattle-guard on his right side of the road, defendant was traveling at a speed of thirty miles per hour. He observed the cattle-guard when about 200 feet therefrom and at the same time saw the lights of approaching cars on the other side of the gate, one of these cars being somewhat nearer than the others. When he was about six or eight feet from the cattle-guard, he saw the first of the approaching cars make rather a straight turn into the north half of the road, and directly into his path. As soon as he observed this, he put on his brakes, but the two machines collided head-on. When the two cars came to rest, the rear wheels of defendant's Willys Knight were from two to four feet west of the cattle-guard, and the other car, a Chevrolet, stood about five or six feet away, both cars being badly damaged. Both of the plaintiffs were asleep in the rear seat of defendant's car at the time of the collision. The only evidence as to how the accident occurred was the testimony of the defendant, who was examined under section 2055 of the Code of Civil Procedure, his testimony being then adopted as their own evidence, by the plaintiffs. At the conclusion of plaintiffs' case, the court granted a motion for a nonsuit, and from the ensuing judgment this appeal is taken.

Appellants' first point is that the motion for a nonsuit was insufficient, in that it failed to sufficiently state the grounds therefor. Appellants quote the motion as follows: "At this time, the defendant again moves for a nonsuit on the ground that the evidence of the plaintiffs being all in,

there is not a sufficient case made for a jury," and cites *Henley* v. *Bursell et al.,* 61 Cal. App. 511 [215 Pac. 114]; *Belcher* v. *Murphy,* 81 Cal. 39 [22 Pac. 264], and other cases. The record shows that in the motion as made, immediately after the language above quoted, counsel continued as follows: "The evidence clearly shows that the defendant was without negligence in this case. In support of this, Your Honor," etc. Counsel then proceeded to argue the motion. We think the one ground upon which the motion was made and granted, was thus sufficiently stated to apprise the other party of the nature of the ground relied upon, in accordance with the reasoning of the cases cited.

The next question raised is that the evidence presented a question of fact, as to the negligence of the respondent, which should have been left to the jury. ■ The rule is that where a driver of an automobile is sued by his guest for injuries sustained by the guest through the negligent operation of the automobile, the burden is upon the plaintiff to show negligence upon the part of the defendant. (*Morris* v. *Morris,* 84 Cal. App. 599 [258 Pac. 616].) ■ There are, of course, cases where under the doctrine of *res ipsa loquitur,* the negligence of the defendant may be inferred from the circumstances. We think this is not such a case, that no inference of negligence on the part of the respondent here, arises from the circumstances shown by the evidence, and that it was incumbent upon the appellants to affirmatively prove such negligence. Appellants argue that negligence is shown by the fact that the only passageway open at the time of the accident was the one over the cattle-guard, on the north side of the road; that the respondent continued at a speed of approximately thirty miles an hour after he saw the cattle-guard and when he saw the lights of other cars approaching; and that he did not slow down until within six or eight feet of the cattle-guard, at which time he put on his brakes. In this connection, appellants argue that the respondent did not have the right of way, and that each driver was bound "to stop and let the other pass if necessary". This calls to mind a law which was once proposed in a legislature in another state, to the effect that when two trains approached an intersection, both should stop and neither should proceed until the other had passed. ■ Appellants argue that the ordi-

nary rules of law as to the right of way did not here apply, but that the situation came under the rules of law applying to the right of way on single-trail roadways. While our attention is not called to any California case upon that point, appellants cite 42 Corpus Juris, page 943, sections 661, 662 and 663, as showing the rules of law relied upon. We think the situation, however, was not that of a single-trail roadway, but rather that of an ordinary highway with an obstruction existing thereon. It was established at the trial that the law of New Mexico at that time required a driver of an automobile to travel upon his right-hand side of a highway, unless his left-hand side thereof was clear and unobstructed for a distance of at least fifty yards ahead. We think the respondent, under the circumstances shown by this record, was entitled to assume that the driver of the approaching car would obey this law. In *Gornstein* v. *Priver,* 64 Cal. App. 249 [221 Pac. 396, 401], the court said: "The general rule is that one to whom a duty of care is owing by another has the right to assume that the person who owes such duty will perform it; and in the absence of reasonable ground to think otherwise, it is not negligence on the part of the one to whom the duty is owing to assume that he will not be exposed to a danger which can come to him only through a violation of that duty by the person owing it."

In 19 Cal. Jur., at page 596, the rule is thus stated: "One who is himself not negligent is entitled to rely upon the presumption that others will exercise due care, so that it is not negligence to fail to anticipate danger which can come only from a violation of law or duty upon the part of another."

In *Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203, 204], the following language is used: "Anyone, the most careful, about to cross a highway and observing another vehicle approaching at a distance of from 100 to 150 feet would not deem it necessary to stop or to do any particular thing to avoid a collision. He would properly assume and have a right to assume that the other car was not violating all rules of prudence by excessive speed; that he had plenty of time to cross and act accordingly. This would be the attitude of any reasonable man under the circumstances,

and, therefore, the plaintiff was not guilty of a want of ordinary care in pursuing his journey.''

Common experience shows that a rate of speed of approximately thirty miles an hour on an eighteen-foot road in an unpopulated country is ordinarily not excessive or reckless. The respondent, so proceeding, could not be charged with negligence until something happened to warn him that danger existed. As he proceeded on his right-hand side of the road, the lights of approaching cars on his left-hand side of the road would not be such warning. Had these lights been over on his side of the road they might have constituted a warning, even though he felt they had no right to be there. But as they continued upon their own side of the road, he had a right to assume that they would not at the last minute suddenly turn into his pathway. The only direct evidence shown by the record is that of the respondent, who testified that when he was within six or eight feet of the cattle-guard, the other car made rather a straight turn directly at him. The only circumstantial evidence upon this point is that after the accident there were to be seen skid marks showing that the Chevrolet car had skidded for twenty or thirty feet. This, with the position of the cars after the accident, indicates that the Chevrolet car was coming at some considerable speed, and that when the driver saw the gate was closed in front of him, he put on his brakes and turned to his left side of the road. We find nothing in the record to show that the defendant was not proceeding in a proper manner up to the point where he saw that the approaching car, in disregard of the law and all common prudence, was turning into his pathway, and it fully appears that when this occurred he put on his brakes and did all he could to stop. Under such circumstances, we think the appellants have failed to meet the burden of proof which is upon them.

A nonsuit may properly be granted where the evidence, viewing it in the light most favorable to the plaintiff, will not support a verdict in his favor. The rule is stated in 9 Cal. Jur., at page 556, as follows:

''Although the early practice in England and in this country was otherwise, it is now settled that a mere scintilla of evidence will not justify a judge in leaving a case

to the jury. Judges are no longer required to submit a case to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character as that it would warrant the jury to proceed in finding a verdict in favor of the party introducing such evidence. Therefore, to avoid a nonsuit, the evidence of the plaintiff must be sufficient to raise more than a mere surmise or conjecture that the fact is as alleged. It must be such that a rational, well-constructed mind can reasonably draw from it the conclusion that the fact exists. The court may grant the motion when, viewing the evidence of the plaintiff in its most favorable aspect for him, it is of the opinion that the evidence will not support a verdict in his favor, or where the evidence does not establish a *prima facie* case.''

In our opinion, the evidence shown by this record would not have been sufficient to sustain a judgment in favor of the plaintiffs, and the motion for a nonsuit was therefore properly granted.

The judgment is affirmed.

Marks, Acting P. J., and Warmer, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 12, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.