Nevin Bus Line, Inc., *v.* Paul R. Hostetter Co., Inc., Appellant.

Argued May 26, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*George Hay Kain,* with him *McClean Stock,* for appellant.—The general principle is that the violation of a statute will not create a liability where it is not the efficient cause of the injury: Christner v. Coal Co., 146 Pa. 67; Snyder v. R. R., 205 Pa. 619; Hayes v. Shoemaker, 302 Pa. 72; Clamper v. Phila., 279 Pa. 385; Mehler v. Doyle, 271 Pa. 492; Scorsoni v. Pittsburgh P. & P. Co., 272 Pa. 253; Dolan v. Burke, 89 Pa. Superior Ct. 295; Williams v. D'Amico, 78 Pa. Superior Ct. 575; McIlhenny v. Baker, 63 Pa. Superior Ct. 385; Hart v. Ry., 79 Pa. Superior Ct. 180; Yeager v. Winton Motor Carriage Co., 53 Pa. Superior Ct. 202.

*John Aaron Hoober,* for appellee.—The legal situation most nearly approximating this phase of the controversy arising upon this record is found in our own case of Community Fire Company v. Pennsylvania Power & Light Co., 92 Pa. Superior Ct. 304, and is somewhat more remotely involved in Amey v. Erb, 296 Pa. 561.

OPINION BY MR. JUSTICE MAXEY, June 27, 1931:

This is an action in trespass. Defendant's motor truck was pulling a trailer on a detour between Hanover and Gettysburg. Plaintiff claims that the truck and trailer were so negligently managed and operated that the trailer collided with plaintiff's bus, causing serious damage thereto. The alleged negligence consisted of the fact

that defendant's trailer was being operated without lights, at an improper rate of speed, on the wrong side of the road, and without adequate control. The collision occurred at 9:30 p. m., August 10, 1929. The case was tried and a verdict was returned for the plaintiff for $4,013.05. Defendant asked for a new trial.

The first assignment of error was the following excerpt from the charge of the court: "The defendant has not denied and it must be taken as a proven fact, if you believe plaintiff's testimony, that the trailer was in excess of the lawful width, as required by section 607, division c, of the Act of May 1, 1929, P. L. 1026." Appellant argues that this was the last instruction given by the trial judge to the jury before they retired, and that the jury must have been impressed with the unlawful width of the defendant's trailer. Counsel for appellant also calls attention to the fact that it is division (b), and not division (c), of section 607, which regulates the maximum width of a trailer. This division (b) reads as follows: "No trailer, except fire department equipment, shall exceed a total maximum width, including load thereon, of ninety-six (96) inches, except that the limitations as to size of trailers in this act shall not apply to such vehicles loaded with hay or straw in bulk." Section 610 provides that the secretary of highways and local authorities, in their respective jurisdictions, may, at their discretion, upon application in writing accompanied by the fee provided in the act and good cause being shown therefor, issue a special permit, in writing, authorizing the applicant to operate or move a tractor or trailer of a size and weight exceeding the maximum specified in the act, upon any highway under their jurisdiction and for the maintenance of which the authorities granting the permit are responsible. These permits are to be issued for only a single trip and shall designate the route to be traversed. Appellant argues that the width of the trailer in this case was not the efficient cause of the accident. He claims

that the plaintiff's bus would have passed in safety but for one of two causes: "Either the driver of the bus did not look where he was going and hence failed to see the signal lights on the trailer, or the signal lights were not there. In either event the width of the trailer was not the efficient cause of the accident."

The roadway on which the accident happened was sixteen feet wide. The defendant's truck had its front lights burning. The trailer which was attached to the rear of the truck was a flat floor mounted on wheels. The length of the trailer was twelve to fourteen feet and its width was ten feet seven inches. The truck was seven feet ten inches wide. The chauffeur of the plaintiff's bus testified that he did not see the trailer because there was nothing visible on it. He struck it with the left front wheel of the bus. After the collision he observed that there was no light on the trailer.

Another witness testified that he drove a second coach following the first coach which was in the collision, and that at the time of the collision he was about five hundred to one thousand feet in the rear of the first coach. He said he arrived at the scene after the collision and that he and a deputy sheriff measured the width of the trailer, and that its width was ten feet seven inches. He saw no lights on the trailer. Defendant's chauffeur testified that there were lights on the trailer. This raised an issue of fact for the jury.

We cannot agree with the appellant that the width of the trailer had nothing to do with the accident. The appellant takes too narrow a view of the issues raised. While it is true that the statement does not particularly set forth the excessive and unlawful width of the trailer, yet it does state that the trailer was on the wrong side of the road. The road at the point of the accident was sixteen feet in width, and section 1006 of the Vehicle Code of 1929, P. L. 905, 977, makes it obligatory for the driver of any vehicle in passing other vehicles coming in the opposite direction to allow such other

vehicles one-half of the main traveled portion of the highway. It is obvious therefore that the defendant's trailer being ten feet seven inches in width would leave the vehicle it was passing only five feet five inches of the road, or two feet seven inches less than one-half of the road, unless the trailer was off the road a distance of two feet seven inches plus a reasonable margin for passing, that is to say, nearly three feet. The utmost claim as to the trailer's being off the road was that made by the driver of the truck to which the trailer was attached, who testified that his truck was ninety-four inches wide, and that the right rear wheel of the truck was at the edge of the road. As the trailer was ten feet seven inches wide, it therefore "overlapped" each side of the truck by sixteen and one-half inches, and if the truck itself was in width only two inches less than one-half of the width of the road, it is a logical inference that the width of the trailer was such that it could not have allowed plaintiff's passing bus one-half of the main portion of the traveled highway. In reaching this conclusion, we take into consideration the fact that the body of the truck whose wheels were, as its driver testified, at the edge of the concrete, overlapped the wheels to some extent. Plaintiff's chauffeur testified that the bus was struck while on its own side of the road.

Furthermore, the width of the trailer was for another reason a pertinent fact to consider, because that width was one of the conditions and circumstances attending the alleged negligent act charged. "The circumstances immediately surrounding the act or transaction in question and the conditions immediately preceding and following it may ordinarily be shown as part of the res gestæ, unless some other rule of exclusion, such as the one excluding parol evidence, would be thereby violated": Enc. of Evidence, volume 11, page 391.

The court made it clear to the jury what the real issue was in this case. The court said in his charge, inter alia: "Did the Hostetter Company, in transporting that

trailer, of a width of some ten feet or more, do it in the way and manner that you or any other ordinary person, doing the same thing at that same time and under those same conditions, would have done? In arriving at a conclusion as to whether it was or was not so done, you must take into consideration the facts that it was on a Saturday night, that the traffic was heavy, that the hard-surfaced road was about sixteen feet in width, that there were apparently shoulders of a foot or foot and a half on either side of the hard-surfaced road, that it was a dark night in midsummer (August), that there were other machines upon the highway......You will have to take into consideration all the facts and circumstances, the lighting of this trailer, the length of the truck that was pulling it, the way and manner in which they were attached to each other, the width of the road, the condition of the night, the fact of the curve just beyond......All these facts are elements entering into the final determination......whether or not this defendant was actually guilty of negligence, and, if negligent, whether or not the plaintiff was guilty of contributory negligence." The court also said: "There was a duty under the Act for the defendant to have 'clearance lights' on this machine if it was more than ninety inches in width; but that fact is not the real controlling fact in this case. The question that arises under the defendant's failure to do that is whether or not, under all the circumstances, they did anything which an ordinarily prudent man would not have done under the circumstances, and the presence or absence of those clearance lights is not material unless you believe that the absence of such lights was the efficient cause of the accident.......Were those lights there at the time of the accident, is one of the real questions for your determination, and was there or was there not sufficient room to pass with safety to each other, were or were not those lights upon the trailer, did each of the parties exercise due care under all the circumstances, and were

the plaintiffs free from contributory negligence in what they did?" These instructions were accurate and in no way misleading.

Nowhere in the charge did the trial judge say that the violation of the Vehicle Code by the defendant's chauffeur would in itself be sufficient to warrant a verdict for the plaintiff. In answer to the first point submitted to the court by the plaintiff, he simply instructed the jury that "it must be taken as a proven fact, if you believe plaintiff's testimony, that the trailer was in excess of the lawful width." The trailer *was* in excess of the lawful width and the jury had the right to consider this fact as one of the elements in the case. If the trailer exceeded the lawful width, particularly if it was ten feet seven inches wide, the duty of care resting upon the defendant in lighting and operating that trailer along a highway sixteen feet in width was correspondingly increased. We are well aware of the law as to instructions outside of the facts of the case or involving abstract propositions. As was said by Justice SWAYNE in Beaver v. Taylor, 1 Wall. 637, 644: "If they [i. e., such instructions] *may* have misled the jury to the injury of the party against whom their verdict is given, the error is fatal." However, in the case before us the instruction as to the width of the trailer being in excess of the width permitted by law was not an instruction outside of the facts of the case nor did it involve merely an abstract proposition. The jury had a right to consider this excessive width, not for the purpose of convicting the defendant of violating the provisions of the Vehicle Code relating to the width of trailers, but for the purpose of considering that fact with the other evidence in the case as one of the circumstances by which the care exercised by the defendant was to be measured.

The contention of the appellant that the appellee furnished no proof that the appellant did not have a special license to operate the trailer is without merit. It is a general rule that the burden of proving a license in cases

where a license is a defense rests upon the licensee, for the possession of the license is a fact peculiarly within his own knowledge. "When the opposite party must, from the nature of the case, be in possession of full and plenary proof to disprove the negative averment [such as, he had no license] then he must adduce it, or it will be presumed that the fact does not exist": 10 R. C. L. 899, section 49. See also 37 C. J., 269, section 162.

The first assignment of error, which is the assignment of error stressed by the appellant, is overruled.

The second assignment of error is that the verdict is against the weight of the evidence. This is overruled.

The third assignment of error is as to the refusal of the court to grant a new trial. This is overruled.

The fourth assignment of error is the instruction of the court, as follows: "Did they or did they not cause that trailer to be operated without lights, and if they did, and if your minds are so satisfied by the weight of the testimony, the court would then say to you that that would be evidence of negligence." There is no merit in this assignment, particularly when it is read with its context. The fourth assignment is overrruled.

The judgment is affirmed.