PATTON v. KIRKMAN et al.

No. 6857.   Decided March 29, 1946.   (167 P. 2d 282.)

See 64 C. J., Trial, sec. 1076; 5 Am. Jur., 645. Size of automobile in determining responsibility for accident, note, 85 A. L. R., 1173.

*Moyle, McKay, Burton & White,* of Salt Lake City, for appellants.

*J. Arthur Bailey,* of Salt Lake City, for respondent.

WADE, Justice.

Patton commenced this action to recover damages sustained as the result of a collision between trucks driven by himself and Chess Kirkman. A. J. Kirkman was made a defendant in the suit because he was the owner of the truck driven by and the employer of Chess Kirkman. The defendants filed an answer and counterclaim to plaintiff's complaint in which they alleged that it was plaintiff who was negligent because he was driving at a rate that was excessive for existing conditions and because he had failed to keep a proper lookout for approaching vehicles and for the culvert and hole which was the point at which the

collision occurred. Also that he failed to avoid approaching the narrow spot in the road and failed to turn aside.

The case was tried to the court sitting without a jury. From a judgment in favor of plaintiff, defendants appeal.

The evidence discloses that Patton was driving his truck on a graded canyon road in an easterly direction toward the town of Mercur and Chess Kirkman was driving a large, heavily laden truck in a westerly direction on this same road. Patton was climbing up a steep incline and Kirkman was coming down this incline a short distance from Mercur when the trucks collided at a point where a culvert traversed the road at right angles and a wash had narrowed the side of the road on which Patton was driving. Normally the road at this point is about 19 feet wide but because of the wash it had been narrowed. The evidence as to how much it had been narrowed is contradictory, the plaintiff and his witnesses testifying it was narrowed only about two feet and the defendants and their witnesses testifying that it had been narrowed to such an extent that it was only 13 feet wide at the point of the impact. The court, as the trier of the facts, found that the road was of sufficient width to allow the passage of two vehicles of legal width and the collision was caused by the fact that defendants' truck was in excess of the legal width which caused it to extend beyond the center of the travelable portion of the highway.

Patton's truck was about 7 feet 4 inches wide and the Kirkman truck was about 9 feet 1 inch in width. The view was unobstructed and both drivers could see each other coming but neither stopped. Patton was driving about 15 miles an hour and continued doing so until just before the impact when he realized the trucks would meet. He applied his brakes but it was then too late. Kirkman's left dual wheel struck the left corner of Patton's truck bed and forced the rear end of his truck back into the hole made by the culvert which he had just passed. Patton did not know that the washout had narrowed the road nor that Kirkman was driving an extra large truck, although this was disputed by defendants.

Appellants assigns as errors the court's findings of certain facts, to which we shall advert hereafter, as being contrary to the evidence and the law and also assign as error the failure of the court to make findings on the issues raised by their answer and counterclaim.

The court found that Chess Kirkman was driving a heavily loaded truck of a width which was greater than the 8 feet allowed under the provisions of Sec. 36-1-29, U. C. A. 1943, on a road which he knew was too narrow to allow Patton and his truck to pass each other; that the road was of sufficient width to allow two vehicles of legal width to pass each other; that the width of defendants' truck caused it to extend over the center of the drivable portion of the highway and into the lane of traffic intended for eastbound traffic on which plaintiff was then driving his truck; that

"plaintiff did not know of the extreme narrowness of the highway and culvert where plaintiff's and defendants' trucks collided, nor did plaintiff know of the excessive width of defendants' truck";

that the defendant drove the truck without giving

"proper lookout attention and observing the danger to be reasonably apprehended to plaintiff's vehicle being at the time operated on the highway; that plaintiff was not exceeding 15 miles per hour."

The court also found that defendants' negligence resulted in the collision and was the proximate cause of the accident.

Although it is error for a court to fail to make findings on all material issues raised by the pleadings this does not mean that the court must negative every ■ allegation contained in the pleadings. It is sufficient if from the findings it makes there can be no reasonable inference other than that it must have found against such allegations. See *Piper* v. *Hatch*, 86 Utah 292, 43 P. 2d 700.

In our opinion from the findings which the court made and which we have outlined above there could be no conclusion other than that the court found against the allega-

tion in defendants' answer and counterclaim. From these findings it is apparent that the collision was the result of defendants' sole negligence because even though plaintiff was driving uphill at 15 miles an hour and saw defendants' truck coming down the hill, he, as a reasonably prudent man had no reason to stop or do otherwise than he did because the road appeared sufficiently wide to allow the passage of two vehicles. It not only appeared to be sufficiently wide to allow such passage, but the court found that it was sufficiently wide to allow the passage of two vehicles of legal width. Although driving a car of excessive width where the road is sufficiently wide is not in and of itself negligence yet it is an element to be considered in determining negligence. See *Nevin Bus Line, Inc.,* v. *Paul R. Hostetter Co., Inc.,* 305 Pa. 72, 155 A. 872; *Baldwin* v. *Bell,* [1933] (Can.) S. C. R. 1, 85 A. L. R. 1166 and annotation commencing on page 1173.

In the instant case the trial court found that the width of defendants' truck caused it to extend over the center of the drivable portion of the road. It is therefore apparent the collision would not have occurred but for this fact. This finding of fact is one of those assigned by appellants as error. They contend that as a matter of fact and law their truck did not extend over the center of the road because the road in its natural course was at least 19 feet wide but because of a wash at the culvert it had been narrowed on the side upon which eastbound traffic traveled; that this wash was as a matter of law an obstruction on that side of the road and therefore it was plaintiff's duty to yield the road to cars traveling on the side which was not impassable. They cite *Curry* v. *Williams,* 109 Cal. App. 649, 293 P. 623, in support of this contention. We cannot agree with this. In the California case the accident happened in New Mexico and the road was actually obstructed by a gate which closed part of the highway. The California court took into consideration a law of New Mexico which required a driver to drive on his right-hand

side unless the left-hand side was clear and unobstructed for a distance of at least 50 yards ahead.

Sec. 57-7-120, U. C. A. 1943, provides that:

"Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway * * *."

Sec. 57-7-121, provides that:

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right and upon roadways having width for not more than one line of traffic in each direction, each driver shall give to the other at least one-half of the main traveled portion of the roadway as nearly as possible."

It is our opinion that where these sections refer to "half the roadways" the reasonable interpretation of the meaning of this term is that it means half of the roadway as it exists at the time it is being traveled and not half the roadway as it may have been laid out originally. To this effect see *Dixon* v. *Alabam Freight Co. et al.*, 57 Ariz. 173, 112 P. 2d 584, in which the Arizona court construed sections similiar to ours as quoted above.

In the instant case the plaintiff was at all times on his right half of the traveled portion of the road but defendants because of the width of their truck were necessarily using more than their right of the traveled portion of the road at the point of the impact, therefore the court did not err in finding that the defendants' truck extended over the center line of the road.

As to appellants' other assignments of error with reference to the court's findings of fact, we have carefully examined the record and find there is ample evidence to sustain the court in its findings.

Judgment affirmed. Costs to respondent.

McDONOUGH and WOLFE, JJ., concur.

LARSON, C. J., dissents.

PRATT, J., not participating.