TEAMSTERS LOCAL UNION NO. 222 et al. v.
STREVELL-PATERSON HARDWARE CO.

No. 6948.   Decided November 18, 1946.   (174 P. 2d 164.)

See 31 Am. Jur., 916, 911. Unfair labor practice, note 157 A. L. R. 1088. See, also, notes, 117 A. L. R. 414, and 112 A. L. R. 959; 115 A. L. R. 314, and 123 A. L. R. 612.

*Clarence M. Beck,* of Salt Lake City, *Herbert F. Smart,* Deputy Atty. Gen., and *Grover A. Giles,* Atty Gen., for plaintiffs.

*Louis H. Callister,* of Salt Lake City, for defendant.

WADE, Justice.

The Industrial Commission of the State of Utah, designated and acting as the Utah Labor Relations Board to whom we shall hereafter refer as the Board, has filed a petition with this court for the enforcement of an order it had previously made that the Strevell-Paterson Company, the defendant herein, cease and desist from certain unfair labor practices, that it re-employ two employees who the Board found were discharged for union activities and that it pay said employees for the time or wages lost by reason

of their wrongful discharge. The Board also ordered defendant to post a notice to its employees advising them of their rights under Sec. 49-1-15, U. C. A. 1943, to organize, form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid and protection. Also that the company would do nothing to deprive the employees of these rights.

It is defendant's contention that it need not comply with the order of the Board because it has made no finding which shows it had jurisdiction of the matters before it. Defendant also contends that the order is invalid because the Board did not make findings of fact as required by law and because the purported findings made by it were not supported by evidence.

The Board commenced action against defendant by the filing of a complaint based on charges filed by the Teamsters Local Union No. 222, an affiliate of the American Federation of Labor, that two former employees of defendant had been discharged for activities in connection with attempting to organize employees of defendant to become affiliated with it.

The complaint alleged that defendant is a corporation engaged in interstate and intrastate commerce; that it had discharged an employee for his activities in the affiliation of himself and associates with a certain labor organization, viz., Teamsters Local Union No. 222, contrary to and in violation of Title 49-1-16(3), U. C. A. 1943, and that defendant had discouraged the membership of its employees in said union and has interfered with, coerced, intimidated and restrained them in the exercise of their rights as provided in Title 49-1-15, contrary to and in violation of Title 49-1-16(1).

Defendant by its answer admitted it was engaged in interstate and intrastate commerce and denied the other allegation in the complaint. A hearing was had before the chairman of the Board sitting as an Examiner and evidence was

introduced that the two employees who had been discharged were satisfactory workers; that these employees had been approached by an organizer for the Teamsters Local Union No. 222 and convinced of the benefits to be derived by affiliating themselves and associates with this union. They then pursued a course of persuading their fellow employees of the advantages to be derived from joining a labor organization. When they thought that a sufficient number of fellow employees were interested they arranged a meeting of these employees which was to be held after working hours in the building occupied by the Teamsters Local Union No. 222. At this meeting the advantages of joining the union were to be discussed. A number of defendant's employees had indicated that they would attend. On the afternoon of the day of the scheduled meeting the two employees who had arranged the meeting were suddenly discharged and the reason assigned for the discharge by the foremen who gave them their checks was that there was to much union activities. That evening the scheduled meeting was held but only a few of those who had indicated they would attend came.

The Examiner found that defendant is engaged in interstate commerce and also found that all the other allegations of the complaint were true. The Examiner recommended to the Board an order to be made by it. The Board adopted the Examiner's findings of fact and the order which he recommended and it is this order which it now seeks the aid of this court to enforce.

Defendant argues this order is invalid and has no force and effect because the Board merely found that defendant was engaged in interstate commerce and failed to make any finding that the alleged unfair labor practices affected intrastate commerce or the orderly operation of industry; that such a finding by the Board based on evidence adduced at the hearing is necessary because its jurisdiction is based on the provision of Sec. 49-1-18, subsec. (a), which empowers the Board to prevent

"any person from engaging in any unfair labor practice (listed in section 9) affecting intrastate commerce or the orderly operation of industry."

Defendant cites *Continental Oil Co.* v. *National Labor Relations Board,* 10 Cir., 113 F. 2d 473, 477, as authority in support of the above contention that a finding must be made by the Board showing that it has jurisdiction. Even if the jurisdiction of the National Relations Board depended upon powers similar to our Labor Relations Board, still we do not understand that opinion to hold what defendant contends. In relation to the jurisdiction of the National Labor Relations Board, the court in that opinion said:

"The scope of the National Labor Relations Act, 49 Stat. 449, 29 U. S. C. A. § 151 et seq., and the jurisdiction of the Board in its administration, are confined to interstate and foreign commerce, to the exclusion of operations which are essentially intrastate in character and which have no effect upon interstate commerce. But the statute leaves to be determined in each case whether the particular action affects interstate commerce in such a close and intimate fashion as to be subject to federal control. And it is enough to bring an employer within the scope of the act *and to confer jurisdiction on the Board* if the consequences which arise or reasonably may arise from the acts and practices complained of necessarily result or are reasonably calculated to result in a stoppage or serious impediment to the free flow of interstate commerce. * * *." (Italics ours.)

As we read the case the jurisdiction of the Board in each particular case does not depend upon a finding by it to the effect that the act or acts complained of affect interstate commerce, but whether in fact the act or acts complained of actually do or may reasonably affect the free flow on interstate commerce. In the instant case defendant admitted it was engaged in intrastate commerce. That being so, the Board had jurisdiction to hear the matter and make the order complained of if there was sufficient evidence of acts of defendant which would affect intrastate commerce. In Sec. 49-1-9, U. C. A. 1943, our legislature has declared that:

*"The denial by employers of the right of employees to organize and the refusal by the employers to accept the procedure of collective bargaining lead to strikes and other forms of industrial strife or unrest, which have the intent or the necessary effect of burdening or obstructing intrastate commerce * * *."* (Italics ours.)

There was uncontroverted evidence adduced at the hearing that at least two of respondent's employees had been discharged for activities relating to the organization and affiliation of its employees with Teamsters Local Union No. 222. This was a clear denial by the defendant of the right of its employees to organize for their own welfare, and in view of the above declared policy, there can be no question that such action on the part of the employer has the necessary effect of burdening or obstructing commerce and therefore comes within the legislative definition of the term "affecting commerce" as defined in Sec. 49-1-10, subsec. (7), and it is also clear therefore that the Board had jurisdiction to determine the matter and that under the provisions of Sec. 49-1-18, to prevent the unfair labor practices of which complaint had been made. It is true that the Board in its findings of fact made a finding that defendant was engaged in interstate commerce and failed to make a finding that it was engaged in intrastate commerce. However, since the statute only authorized the Board to act in matters affecting intrastate commerce, and since there is no question here but what respondent is engaged in intrastate commerce, it is apparent that a typographical error was made and the finding was intended to read: "That Respondent is engaged in Intra-state commerce." Such an error can be corrected by interlineation.

The defendant also finds fault with the manner in which the findings of fact upon which the order was based, were made. It argues that the Board did not make basic findings of fact but merely adopted the phraseology of the statute alleged in the complaint to be violated as its findings of fact and that such findings are not the kind required by law and particularly by Chap. 1, Title 49, Laws of Utah 1943, commonly known as the Utah Labor Relations Act.

Sec. 49-1-18, U. C. A. 1943, requires the Board to make findings of fact after testimony taken on complaint that any person has engaged in unfair labor practices. It does not provide for any particular type of findings of fact, and it is our opinion that in the absence of such instruction from the legislature, findings of fact which would be sufficient to sustain a judgment or order of a court will be sufficient to sustain an order of the Board.

The Board made the following findings with respect to the unfair labor practices of defendant:

"4. That J. C. Jones and Dick (Richard) Griffiths were discharged by agents of Respondent on the afternoon of Feb. 27, 1946, for their activities in affiliation with, and on behalf of, Teamsters Local Union #222, complainant herein, as alleged in the Board's Complaint contrary to and in violation of Title 49-1-16, Subsection 3.

"5. That Respondent has engaged in activities as alleged in the Board's Complaint in Article #4 contrary to and in violation of Title 49-1-16 (1)."

While these findings are not models and it would be better to state the facts more explicitly, yet finding No. 4 states an ultimate fact, viz., the discharge of the employees for union activities. This is a sufficient finding on which the Board can base its conclusion that the defendant has indulged in an unfair labor practice. It needs no citation of authority that in Utah only ultimate facts need be found by a court and that is sufficient to base its judgment or order on, and as we have already said such a finding is sufficient for an administrative body to base an order.

At to the Board's finding of fact No. 5, it is our opinion that the objection of defendant is well taken. In and of itself it does not state any facts upon which an order can be based, but makes reference to Article 4 of its complaint. Article 4 of the complaint alleges:

"That respondent has discouraged the membership of its employees in petitioner union and has interfered with, coerced, intimidated, restrained them in the exercise of their rights as provided in Title 49-1-15, contrary to and in violation of Title 49-1-16 (1)."

Title 49-1-15 gives employees

"the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection."

Which one of the numerous rights outlined above did the Board find was violated by its finding No. 5? It is impossible for us to determine. It is apparent therefore that this finding is not sufficient upon which to base an order.

In view of what we have said above, the order of the Board will be enforced but will be limited to reinstatement of the discharged employees and the amounts ordered to be paid them, and to the injunction against the **unfair labor** practice of discharging employees for union activities. It is so ordered.

LARSON, C. J., and PRATT, McDONOUGH, and WOLFE, JJ., concur.