Elizabeth SORENSON, Plaintiff and Appellant,

v.

Gary E. BEERS and Evelyn Beers, his wife; Jeffrey Merrill and Celeste B. Merrill, his wife; and Matt Biljanic, Defendants and Respondents.

No. 16430.

Supreme Court of Utah.

June 26, 1980.

Joseph C. Fratto of Fratto & Fratto, Salt Lake City, for plaintiff and appellant.

Nolan J. Olsen, Midvale, for defendants and respondents.

STEWART, Justice:

Plaintiff appeals from the lower court's refusal to declare null and void a trust deed resulting from a foreclosure sale on plaintiff's property and to revest title to the real property in plaintiff. The issue raised on appeal is the inadequacy of the trial court's findings of fact and conclusions of law holding that defendant Biljanic, the successful bidder at the foreclosure sale, was not acting for plaintiff as her attorney.

Whether Biljanic was engaged as plaintiff's attorney depends solely on whose version of a telephone call is to be believed. The telephone conversation in question occurred the evening prior to the foreclosure sale when plaintiff sought legal assistance from Biljanic, a member of the Utah State Bar. The parties are in disagreement as to the contents of the exchange. Plaintiff claims that defendant agreed to check into the matter of the foreclosure sale and that

a professional relationship between her and Biljanic was established. Plaintiff further contends that the attorney's subsequent appearance and purchase of the property resulted in the property being held in trust for her, and she is now entitled to pay for the property and have title returned to her. Defendant's attorney, on the other hand, claims that Biljanic informed plaintiff of the fact that he was then representing a party who had commenced a lawsuit against her and could not provide her with legal assistance.

The trial court found:

It is the opinion of the court, after review and consideration of the evidence that the claim of plaintiff of the relationship of attorney client is not supported by the weight of credible evidence and the court finds said issue in favor of defendant and against plaintiff.

 Plaintiff claims that this finding fails to comply with Rule 52, Utah Rules of Civil Procedure, requiring the court to "find the facts specially and state separately its conclusions of law." Accordingly, the trial court must make findings on all material factual issues raised by the evidence. *Anderson v. Utah County Board of County Commissioners*, Utah, 589 P.2d 1214 (1979); *Gray v. Defa*, 107 Utah 272, 153 P.2d 544 (1944); *Huber v. Newman*, 106 Utah 363, 145 P.2d 780 (1944); *O'Gorman v. Utah Realty & Construction Co.*, 102 Utah 523, 129 P.2d 981 (1942). Although findings should be made on all material subordinate and ultimate factual issues, it is not necessary that a court resolve all conflicting evidentiary issues. *Pearson v. Pearson*, Utah, 561 P.2d 1080 (1977); *Duncan v. Hemmelwright*, 112 Utah 262, 186 P.2d 965 (1947); *Teamsters Local Union No. 222 v. Strevell-Patterson Hardware Company*, 110 Utah 388, 174 P.2d 164 (1946). Nor is the court required to negate allegations in its findings of facts. *Patton v. Kirkman*, 109 Utah 487, 167 P.2d 282 (1946).

Contrary to plaintiff's claim, the trial court's finding, although conclusory in nature on the material issue of the existence of an attorney-client relationship, is sufficient. Although more detailed factual findings would have been appropriate, thereby making explicit that which is necessarily implicit in the court's findings, such additional findings in this case were not mandatory.

Plaintiff further claims that the court's finding as to the absence of an attorney-client relationship was not supported by the weight of credible evidence. It is axiomatic that findings must be supported by substantial evidence. *Hidden Meadows Development Co. v. Mills*, Utah, 590 P.2d 1244 (1979). Although the evidence in the instant case was conflicting, there is sufficient, competent admissible evidence to support the trial court's finding of fact.

The judgment is affirmed. Costs to Respondents.

CROCKETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.